MARGUERITE PURCELL *vs.* BOSTON ELEVATED RAILWAY COMPANY.

PHILIP J. PURCELL *vs.* SAME.

Middlesex.     January 10, 1912. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Negligence*, In use of highway, Due care of plaintiff, Due care of child.

At the trial of an action against a street railway company by a girl six and one half years of age to recover for injuries caused by her being run into by a street car of the defendant as she was crossing a street at its intersection with another street, there was evidence tending to show that the plaintiff was old enough and possessed of sufficient intelligence and experience to be permitted to go upon the street unattended, that, just before she stepped upon the crosswalk she looked up the street to her right, in which direction there was a hill that prevented her seeing more than twelve hundred feet, and saw no car approaching, that from the other direction there was a car coming and that she waited on the edge of the sidewalk until that car had stopped in front of her, when she passed about four feet behind it in crossing the street and was struck by a car which was coming down the hill from her right on the farther track "quite rapidly" and upon which no warning gong had been rung, that the defendant's rules required the ringing of a gong at street crossings and in passing a stationary car, and that the plaintiff knew of the custom of sounding gongs under such circumstances. *Held*, that the question, whether the plaintiff exercised the degree of care which an ordinarily prudent and careful girl of her age reasonably might be expected to use under like circumstances, was for the jury.

TWO ACTIONS OF TORT, the first by a girl six and one half years of age to recover for personal injuries caused by her being run into by a street car of the defendant as she was crossing Massachusetts Avenue in Arlington, and the second by the father of the plaintiff in the first action to recover for loss of services and the expense of medical attendance due to her injuries. Writs dated June 16, 1908.

In the Superior Court the cases were tried together before *Lawton*, J. The facts are stated in the opinion. At the close of the evidence the defendant asked for rulings that on all the evidence the plaintiffs could not recover. The rulings were refused. The jury found for the plaintiff in the first case in the sum of $1,500, and for the plaintiff in the second case in the sum of $75; and the defendant alleged exceptions.

*F. W. Fosdick*, for the defendant.

*R. H. Sherman*, for the plaintiffs.

DeCourcy, J. The sole question in these cases is, Was there evidence upon which the jury could find that Marguerite Purcell, hereinafter called the plaintiff, was in the exercise of due care? It is conceded that there was evidence of the defendant's negligence; and the case was submitted to the jury under instructions to which no exception was taken.

Upon the issue in question the evidence tends to show the following facts: At 4.45 P. M., on May 14, 1908, the plaintiff, who was nearly six and one half years of age, stood at the southwest corner of Massachusetts and Park Avenues in Arlington and looked both ways along Massachusetts Avenue to see whether any electric cars were approaching. She saw no car coming from the direction of Boston; and although her testimony was that the distance she could see was not "very far because it was a hill," and was equal to the distance "from the witness stand to a building across the street," which was estimated by counsel to be about one hundred and ten feet, the jury might adopt the motorman's statement that "from the place of the accident to the top of the hill towards Boston the street is straight and one can see for a distance of three minutes' walk, or four hundred yards." She saw a Boston bound car coming from the north, or from Lexington, and waited at the edge of the sidewalk until this car stopped at the usual stopping place for inbound cars, directly in front of and about ten feet distant from where she was standing. She then stepped upon the crosswalk, passed about four feet in the rear of this stationary car, and as she stepped upon the farther or outbound track was struck by a car coming from Boston. She also testified that when she was walking behind the standing car she listened but did not hear any car coming; and the jury could find that the motorman did not ring the gong, although the defendant's rules required

him to do so when passing standing cars. There was evidence that the outbound car which struck the plaintiff was going quite fast, and that after the collision it did not stop until it went twenty or twenty-five feet, or across Park Avenue.

The plaintiff was concededly old enough and possessed of sufficient intelligence and experience to be permitted to go upon the street unattended. The standard by which her conduct must be tested, however, is not that of an adult. See *Kennedy* v. *Worcester Consolidated Street Railway*, 210 Mass. 132. She must show that she exercised the degree of care which an ordinarily prudent and careful girl of her age is accustomed to use or reasonably may be expected to use under like circumstances. It was a question of fact for the jury whether her conduct measured up to that standard. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126. *Burns* v. *Worcester Consolidated Street Railway*, 193 Mass. 63.

From the plaintiff's statement that when she was behind the standing car she listened and did not hear any car coming, considered in connection with her knowledge of the running of electric cars as shown by the testimony of her mother, the jury could infer that the plaintiff knew of the custom to sound the gong on a car that was approaching a standing one, and that she relied somewhat upon the fact that she heard no warning gong from the car which struck her. *Murphy* v. *Boston Elevated Railway*, 204 Mass. 229. This was evidence of some care, and is sufficient to distinguish the case at bar from those where the evidence shows an entire absence of care on the part of the plaintiff. *Mullen* v. *Springfield Street Railway*, 164 Mass. 450. *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562. *Holian* v. *Boston Elevated Railway*, 194 Mass. 74. And the jury may have believed that the failure of the plaintiff to hear the noise of the approaching car was due to its distance at the time, and that the intervening space was travelled in a few seconds by reason of the high speed at which the car was running. We are of opinion that the cases were rightly submitted to the jury.

*Exceptions overruled.*