CHARLES HARRINGTON *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

Suffolk.   March 6, 7, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence,* On street railway.  *Evidence,* Negative evidence, Admissions and confessions.  *Interrogatories.  Practice, Civil,* Exceptions.

In an action against a corporation operating a street railway for personal injuries sustained by the plaintiff, a boy nine years of age of ordinary intelligence, from being run over by a car of the defendant when he was crossing a city street on a cross walk at its intersection with another street, there was evidence that before starting to cross the street the plaintiff looked both ways, that he could see for a distance of about two hundred and forty-five feet in the direction from which the car came that struck him, that he saw no car coming from that direction, but saw a car come from the opposite direction, stop just over the cross walk and then start up, that, seeing and hearing no other car, he stepped from the curbstone and started to cross the street upon the cross walk, that when he almost had passed over the last rail of the parallel tracks of the defendant, he was struck by a car going "pretty fast," and that he heard no gong, bell or shout.  *Held,* that the question whether the plaintiff was in the exercise of due care was for the jury.

In an action against a corporation operating a street railway for personal injuries from being run over by a rapidly moving car of the defendant, when the plaintiff was crossing a city street on a cross walk from an intersecting street, where the plaintiff testifies that he heard no gong sound, and a woman, who was standing on the sidewalk opposite the place where the plaintiff was struck by the car and saw the accident, testifies that she heard no sound of the gong of a car before the plaintiff was struck, a finding of the jury is warranted that no gong was sounded on the defendant's car.

In an action against a corporation operating a street railway for personal injuries from being run over by a car of the defendant, where the plaintiff filed under R. L. c. 173, §§ 57–61, interrogatories addressed to the defendant's president, and the president declined to answer certain of the interrogatories unless directed by the court to do so, and afterwards was ordered by the court to answer them and did so, the first answers of the deponent declining to answer the questions unless ordered to do so are not admissible in evidence against the defendant's objection.

In an action against a corporation operating a street railway for personal injuries from being run over by a car of the defendant, the declaration contained two counts, the first alleging negligence in the operation of the car and the second alleging a defective condition of the brakes or other machinery of the car.  The presiding judge, against the defendant's exception, erroneously permitted the plaintiff's counsel to read to the jury the refusals of the defendant's president to answer certain interrogatories filed by the defendant unless he was ordered

to do so by the court, which interrogatories he afterwards answered when ordered by the court to do so. The interrogatories that the defendant's president at first declined to answer related only to the second count of the declaration which alleged a defect in the car. On this count the presiding judge ordered a verdict for the defendant, and the jury returned a verdict for the plaintiff on the first count. The plaintiff argued that the erroneous admission of the president's refusals to answer was not shown to have been prejudicial to the defendant. *Held*, that the refusals to answer, wrongly admitted in evidence, must have been introduced by the plaintiff for the purpose of showing an attempted concealment by the defendant of material facts damaging to the defendant which in law it was bound to disclose, and thus could be used to attack the general credibility of the defendant's case in defense to the first count as well as in defense to the second, so that it could not be said that the defendant was not prejudiced by the error, and that the exception must be sustained.

TORT, by a boy nine years of age when injured, for personal injuries sustained by him on June 27, 1909, when he was crossing Eighth Street, in that part of Boston called South Boston, on a cross walk near Mercer Street, from being struck and run over by a street railway car of the defendant. The declaration contained two counts, the first alleging negligence in the operation of the car and the second alleging a defect in the brakes or other machinery of the car. Writ dated July 10, 1909.

In the Superior Court the case was tried before *Raymond*, J. The facts which could have been found in favor of the plaintiff upon the conflicting evidence are stated in the opinion. At the close of the evidence the defendant asked for certain rulings, among which were the following:

"1. Upon all the evidence the plaintiff cannot recover in this action.

"2. Upon all the evidence there is no evidence of the negligence of the defendant.

"3. Upon all the evidence the plaintiff was not in the exercise of due care and cannot recover in this action.

"4. Upon all the evidence there is no evidence of the negligence of the motorman in the operation of the car."

The judge refused to make any of these rulings.

The defendant also asked the judge to instruct the jury that the only evidence that the gong was not sounded was "merely negative and of no value whatever," and that upon all the evidence there was no evidence that the gong was not sounded. The judge refused to give these instructions except so far as they

were contained in his charge, and refused in like manner to give the ninth and eleventh rulings, which are mentioned in the opinion. These rulings related to an alleged want of due care on the part of the plaintiff.

Mrs. Prusente, the witness mentioned in the opinion, testified that she was standing on the sidewalk directly opposite the place where the plaintiff was struck and saw the accident, and that she heard no sound of the gong of a car before the plaintiff was struck.

The facts relating to the defendant's exception to the ruling of the judge, permitting the reading of certain interrogatories addressed to the defendant's president and the responses of the president declining to answer until ordered to do so by the court, are stated in the opinion.

The judge ordered a verdict for the defendant on the second count, which alleged a defect in the car, and submitted the case to the jury upon the first count. He also submitted to them the following questions, which the jury answered as stated below:

"1. Was the plaintiff in the exercise of due care?" The jury answered, "Yes."

"2. Was the defendant negligent? If the jury answer 'yes,' wherein was the defendant negligent? State fully." The jury answered, "Car was not under proper control."

"3. Was the gong rung?" The jury answered, "Not just before the accident."

The jury returned a verdict for the plaintiff on the first count in the sum of $12,500; and the defendant alleged exceptions.

*R. A. Stewart,* (*E. S. Kochersperger* with him,) for the defendant.

*F. P. Garland,* (*W. J. Miller & J. T. Cassidy* with him,) for the plaintiff.

HAMMOND, J. The plaintiff was nine years old and of the usual intelligence and capacity of a boy of that age. He had lived near the place of the accident for four years and was familiar with the locality. He knew that electric cars ran both ways and frequently. The accident occurred on a pleasant afternoon in June, and but few persons and only the two cars hereinafter named were in the immediate vicinity.

The evidence was conflicting, but it would have warranted findings that the plaintiff, intending to cross Eighth Street at

its intersection with Mercer Street, walked from some doorsteps upon or near which he with two other boys had been sitting, across the sidewalk on the south side of Eighth Street to the curbstone; that, while standing there and before stepping from the curbstone upon the westerly cross walk leading from the south to the north side of Eighth Street, he looked both ways to see whether a car was approaching; that he could see easterly up the street, in the direction from which the car came by which he subsequently was hit, a distance of about two hundred and forty-five feet; that he saw no car coming from that direction; that he saw a car going in an easterly direction stop just over the east cross walk and then start up; that then, not seeing or hearing any other car, he stepped from the curbstone upon the west cross walk and began his journey thereon to the north side of Eighth Street; that there were two tracks upon the street; that he had passed the south track and the southern rail of the north track and had almost passed over the north rail when a westbound car going at a "pretty good speed," or "pretty fast," struck him and injured his left leg so severely that it was amputated above the knee; and that he heard no gong, bell or shout. Upon such findings the question of the due care of the plaintiff would be for the jury. *Purcell* v. *Boston Elevated Railway,* 211 Mass. 79, and cases cited.

The question of negligence was also for the jury. It is strenuously urged, however, by the defendant, that there was no evidence that the gong was not sounded, and that the finding of the jury as to the gong was not warranted. The plaintiff testified that he did not hear it, and one other witness, Mrs. Prusente, testified that she did not hear it. The case upon this point is close, but we think that the situation of these witnesses was such that the case was for the jury. It must stand in the class of which *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, and *Slattery* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 453, are types.

The ninth and eleventh requests could not have been given as matter of law. The extent to which under the circumstances the plaintiff must look was for the jury under proper instructions. We see no error in the manner in which the trial judge treated the requests.

Before the trial the plaintiff filed under R. L. c. 173, §§ 57–61, both inclusive, eleven interrogatories to the president of the defendant corporation. Five of these, namely, the fifth, sixth, seventh, eighth and tenth, the president declined to answer unless directed by the court so to do. Subsequently the president, in obedience to an order of the court, filed answers to all these except the tenth, which he was not directed to answer.

At the trial the plaintiff's counsel in his opening address to the jury, claiming to act under R. L. c. 173, § 88, was permitted against the objection and exception of the defendant to read to the jury as evidence all the interrogatories and answers including the statements which at first the president had given, declining to answer until ordered by the court. This was plainly error. The defendant through its president had the right to raise the query whether the questions should be answered. Right or wrong, his refusal to answer was a matter for the court and for the court alone; it was not a matter for the consideration of the jury, much less one from which the jury ought to have been allowed to draw any inference of fact. *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367.

It is urged however by the plaintiff that, even if this was error, it is not shown to have been prejudicial to the defendant. And in support of this proposition the plaintiff says that these five interrogatories related only to the second count of the declaration upon which a verdict was ordered for the defendant.

In considering this proposition it is to be noted that the president in answering these interrogatories is not acting simply as a witness. He is examined "as if he were a party." R. L. c. 173, § 61. In other words, he represents the corporation as if he were himself the corporation. His act in answering is the act of the corporation. If he seeks to conceal any material fact, the corporation, and not he alone, is the guilty party. The argument that a party to an action who has wilfully attempted to conceal material facts damaging to him upon any part of his case has thereby shown himself unworthy of belief in any other contested matter, is to a certain extent legitimate, and in many cases may be so powerful as materially to affect a verdict. The only conceivable purpose for which the plaintiff could have desired to introduce the first answers was to show an attempted conceal-

ment of certain material facts damaging to the defendant which in law it was bound to disclose. Provided with that weapon, the counsel for the plaintiff might legitimately attack the general credibility of the defendant's case as not fairly presented. And the jury itself, without argument by the plaintiff, might of its own motion give due weight to the alleged concealment. The error was one likely to have been prejudicial upon the degree of credibility to be given to the defendant's case so far not only as respected the second count, but also as respected the first. We cannot say that it was not prejudicial.

*Exceptions sustained.*