DORIS I. SHEEHAN *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

ROBERT F. SHEEHAN *vs.* SAME.

Essex. January 16, 17, 1913. — September 12, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* In use of highway, Street railway. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Judge's charge.

At the trial of an action of tort against a street railway company for personal injuries sustained by a girl eight and one fourth years of age from being run into by a car of the defendant, there was evidence that the girl, intending to

cross a street, upon which the defendant's cars ran, at a place other than a cross walk and in a diagonal direction to go to a certain store, stopped at the curb and looked up the street, that she saw a car between one hundred and twenty and one hundred and forty feet away, which appeared to her to be standing still, that she then stepped into the street and again looked toward the car and thought that it continued to stand still, that she thought she had time to cross the street, proceeded across, was struck by the car and was injured. There also was evidence that the car had not stopped, but merely had slackened its speed to take aboard a conductor who was off duty and with whom thereafter the motorman talked and laughed as the car proceeded at a rapid rate toward the girl, no warning by gong or bell being given, and that, when the car was almost upon her, the motorman shouted and she stopped in front of the car and became confused. *Held*, that there was evidence of due care on the part of the girl.

At the trial of an action against a street railway company to recover for personal injuries sustained by a girl eight and one fourth years of age from a car of the defendant running into her as, at a place other than a cross walk, where the sidewalk was sixteen to eighteen feet from the car track, she was crossing a street when she saw the car something over one hundred feet away, the defendant is entitled to have the jury instructed that the plaintiff had "no right to assume that the motorman would look out for her safety to the extent that she was relieved from taking any precautions whatever for her own safety while walking a distance of sixteen to eighteen feet."

Two ACTIONS OF TORT for personal injuries caused by the plaintiff in the first action being run into by a street railway car of the defendant as she was crossing Washington Street in Haverhill. The second action was by the father of the plaintiff in the first action for consequential damages. Writs dated October 4, 1910.

In the Superior Court the cases were tried together before *Keating*, J. The material facts are stated in the opinion. At the close of the evidence, the defendant asked for the rulings described in the opinion.

The third ruling asked for was as follows: "The burden of proof is upon the plaintiff, and the obligation of proving, by a preponderance of the evidence, all the essential elements of her case rests upon the plaintiff to the same extent as if she were an adult." Commenting upon the request, the judge stated to the jury: "That is true, gentlemen, except that the care that this plaintiff is expected to exercise is not the same care that an adult would be expected to exercise, as I have explained to you I think. If the plaintiff was an adult, then she would be expected to exercise such care as an ordinarily prudent adult would be likely to exercise under similar circumstances, but in this case the degree of care to which this plaintiff is held is such care as an ordinarily

prudent child of the age of eight years and three months, and of average intelligence, would be likely to exercise under circumstances like those in this case."

After the counsel for the defendant had called to the judge's attention an alleged misstatement of the evidence in the charge, the judge instructed the jury as follows: "My purpose, gentlemen, in stating to you the evidence was simply to aid you in arriving at a just verdict, but you are the judges of the evidence, it is for you to say what the evidence was, and if your recollection of it does not coincide with mine, then you may disregard what I have stated the evidence to be and rely upon your own recollection of it because, as I have said to you, you are the judges of the evidence."

The jury found for the plaintiff in the first case in the sum of $7,000 and for the plaintiff in the second case in the sum of $1,750. The defendant alleged exceptions.

*J. P. Sweeney,* for the defendant.

*H. J. Cole,* for the plaintiffs.

MORTON, J. These two actions were tried and have been argued together. The first is to recover for injuries sustained by the plaintiff, a minor eight years and three months of age at the time of the accident, in being run over on Washington Street, Haverhill, in June, 1910, by a car operated by the defendant. The second is by her father to recover for the expenses to which he was put by reason of the injuries sustained by his child. There was a verdict for the plaintiff in each case, and the cases are here on exceptions by the defendant to the refusal of the presiding judge to give certain rulings that were requested, to the exclusion of certain evidence, and to a portion of the charge. The defendant conceded that there was evidence of negligence on the part of the motorman. We shall speak of the plaintiff in the first action as the plaintiff.

The first ruling requested was in substance that the plaintiff was not in the exercise of due care and that a verdict should be directed for the defendant. We think that the ruling was rightly refused. There was evidence tending to show that at the time of the accident the plaintiff was walking diagonally across the street towards the store of one Cheinstein, to which she was going on an errand for her mother. The plaintiff testified that before she stepped off the sidewalk she stopped and looked in the direction

in which the car was coming, and the car seemed to her to be stopped at a distance which the evidence tended to show was from one hundred and twenty to one hundred and forty feet away, and that as she stepped into the street she stopped and looked again and the car seemed to her then to be stopped; that she thought that she had time to cross and walked fast towards Cheinstein's store and that that was the last she remembered. There was other evidence tending to show that the car slowed down to take in a passenger at a point, as could have been found, not far from where the plaintiff thought it had stopped, and which might have been deemed sufficient to justify her in thinking that it had stopped, and then went on "faster than usual," as one witness testified, and "faster than I ever travelled before," as another witness testified; that no bell or gong was rung; that the motorman was talking and laughing with the passenger who had just got on, a conductor in the defendant's employ, and did not see the plaintiff until within a few feet of her when she was on the track, and that he then shouted and the plaintiff stopped and appeared to be excited and trembling, and "before she had a chance to move the car struck her." It is plain, we think, that on this evidence, which was contradicted and which it was for the jury to say whether they believed or not, the question of the plaintiff's due care was for the jury. It is not contended that the plaintiff was not of sufficient age, intelligence and experience to be sent alone on the errand. See *Harrington* v. *Boston Elevated Railway*, 214 Mass. 563; *Purcell* v. *Boston Elevated Railway*, 211 Mass. 79.

But we think that the second ruling requested and refused should have been given and that the exception to the refusal to give it must be sustained. The ruling requested was that "The plaintiff has no right to assume that the motorman would look out for her safety to the extent that she was relieved from taking any precautions whatever for her own safety while walking a distance of sixteen or eighteen feet." The distance specified in the ruling requested was the distance between the sidewalk and the track. The plaintiff had a right to rely to a reasonable extent upon the motorman's exercising due care. But it could not be held or ruled as matter of law, as was in effect done by refusing the ruling, that in passing over the distance between the sidewalk and the track she had a right to rely to such an extent upon the motorman's

exercising due care as to excuse her from taking any precautions whatever for her own safety; in other words, that she had a right to rely wholly and exclusively upon the assumption that the motorman would look out for her. She was bound to take such reasonable precautions as to her own safety at all times as a child of her age was capable of taking; and it was a question for the jury whether she did or did not take such precautions. There was evidence which made the ruling requested applicable, and the attention of the jury does not seem to have been directed in any portion of the charge or otherwise to the phase of the case covered by the ruling requested. We think, therefore, for the reasons stated, that this exception must be sustained.

The third and last ruling requested relates to the burden of proof, which the trial judge gave with certain explanations concerning the degree of care required of the plaintiff in view of her age. We discover no error in the manner in which the judge dealt with this ruling. The exception to the charge cannot be sustained. If there was any error on the part of the presiding judge in stating the evidence, it was cured by the manner in which he dealt with the matter. The exception in regard to the question of evidence has not been argued. It plainly related to a matter within the discretion of the presiding judge.

*Exceptions sustained.*