MARY E. CLARK, administratrix, *vs.* FRANCIS P. BLAIR.

Suffolk. December 11, 1913. — February 28, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of parkway, Automobile. *Automobile. Revere Beach. Evidence,* Matters of common knowledge.

A boy eleven years of age, who with twenty-five or thirty other children is skipping and running across a parkway adjoining a public beach, and who, when a man runs out to the centre of the parkway and tries to stop the boys, warning them of the approach of an automobile at high speed, having run to the end of the line of his companions, stops a foot in advance of them, and is struck and killed by the automobile, is not necessarily negligent, and in an action to recover damages for his death the question of his due care is for the jury.

A person operating an automobile, who drives it along a parkway adjoining a public beach, where ahead of him twenty-five or thirty children are skipping and running across the parkway, and continues to go at a rate of speed exceeding fifteen miles an hour, or perhaps as high as twenty-five, passing within a foot or two of a group of boys who are being held back by a man to protect them and within about the same distance of others, until he runs down and kills a boy eleven years of age, who has run to the end of the line of his companions and has stopped a foot in advance of them, in an action brought against him for causing the death of the boy can be found to have been negligent and to have been violating St. 1909, c. 534, § 16, as amended by St. 1910, c. 605, § 6, by operating his automobile at a rate of speed "greater than is reasonable and proper, having regard to traffic and the use of the way and the safety of the public."

It here was said to be a matter of common knowledge that Revere Beach is a public reservation under the control of the metropolitan park commission, which in the summer season frequently is visited on a single day by thousands of persons.

Tort by the administratrix of the estate of Francis Redmond. Clark for causing his death on August 23, 1912, when he was eleven years of age by running him down with an automobile on the Revere Beach Boulevard. Writ dated September 14, 1912.

In the Superior Court the case was tried before *Sanderson* J., who at the close of the evidence, which is described in the opinion, refused to rule that the plaintiff could not recover or to order a verdict for the defendant, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $2,100; and the defendant alleged exceptions, with a stipulation of the parties, that if the exceptions were overruled judgment should be entered on the verdict, and that if the exceptions were sustained judgment was to be entered for the. defendant.

*H. Bergson,* (*F. J. W. Ford* with him,) for the defendant.

*J. Doyle,* for the plaintiff.

Rugg, C. J. This is an action of tort to recover damages for the death of a boy eleven years old which occurred on the Revere Beach Boulevard, from collision with an automobile run by the defendant. The deceased, with a group of other children twenty-five to thirty in number, were skipping and running across the boulevard. One Galiano, seeing the automobile coming toward the children, ran out to about the centre of the boulevard and tried to stop the boys; holding his left hand horizontally and his right hand upward, facing toward the automobile. Eight or ten of the children continued across the boulevard. The deceased, who perhaps at first was slightly behind some of the others, was "skipping sideways . . . skipped . . . in between the boys. . . . The way he was skipping toward the end of the line " brought him facing toward the automobile. He was slightly in advance of the boy next to him, perhaps a foot, and had come to a stop before he was struck. There was evidence from which it might have been found that the defendant was driving at a rate of speed exceeding fifteen miles an hour, some witnesses estimating it as high as twenty-five, and that apparently he did not abate the speed from the time he saw the boys two hundred feet away from them until ,

after the accident, and that there was no horn or other warning of his approach sounded. It is common knowledge that Revere Beach is a public reservation under the control of the metropolitan park commission, which frequently is visited in the summer season by thousands of people on a single day. This accident occurred in the afternoon of August 23, 1912.

Whether the deceased was in the exercise of due care or not was a question of fact. He was at a public park in company with a large number of boys. The conduct of the group was what might have been expected of normal boys out for a holiday. Any one of such a large group of children, if he paused to reason about it in advance, fairly might have expected that no automobile would be driven through their midst at a high rate of speed. The main body appears to have responded quickly to the warning of Galiano. It falls far short of being negligence as matter of law for the decedent to have run to the end of the line of his companions and stopped a foot in advance of them. The boulevard was not a race track but a place where travellers had a right to be. This branch of the case falls within the class of *Donovan* v. *Bernhard,* 208 Mass. 181, *Rasmussen* v. *Whipple,* 211 Mass. 546, *Ayers* v. *Ratshesky,* 213 Mass. 589, *Harrington* v. *Boston Elevated Railway,* 214 Mass. 563, and *Sheehan* v. *Boston & Northern Street Railway,* 215 Mass. 463. It is plainly distinguishable from *Kyle* v. *Boston Elevated Railway,* 215 Mass. 260, *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, *Mills* v. *Powers,* 216 Mass. 36, and cases of that class.

The evidence was ample for a finding of negligence on the part of the defendant. It was for the jury to say whether he was not violating St. 1909, c. 534, § 16 as amended by St. 1910, c. 605, § 6, by operating his automobile at a rate of speed "greater than is reasonable and proper, having regard to traffic and the use of the way and the safety of the public." *Commonwealth* v. *Cassidy,* 209 Mass. 24. It might have been pronounced negligence to run an automobile along this boulevard within a foot or two of a group of boys which might have been seen by the defendant to have been restrained by their adult companion and within about the same distance of others who had run ahead of the group which was stopped.

*Exceptions overruled.*