LULU EMERY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     November 21, 1913. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* In use of highway, Street railway, Violation of rule. *Evidence,* Negative testimony, Of failure to sound gong.

In an action by a woman against a street railway company for personal injuries caused by the plaintiff being struck by the drip rail of a street car of the defendant as she was crossing a street from behind another car bound in the other direction on a parallel track, it appeared that the inner rails of the tracks were four feet eight and one half inches apart, that the overhang of each car was eighteen inches, and that the drip rail protruded beyond the overhang. The plaintiff testified that she had just alighted from a closed car, which jutted out and obstructed her view, that as she passed behind it she stopped and listened, having in mind rules of the defendant which required motormen to sound gongs and to run slowly in passing a stationary car, that she heard no gong or sound at all, that she "stepped out in the direction" of the other track, when she saw a car coming on the other track "very fast, as fast as she ever saw cars go when they had a clear road," that she "had no time hardly to think, . . . only time to jump back as quickly and as hard as she could," and that the drip rail struck

her. A witness for the defendant, who was a passenger on the car that struck the plaintiff, testified that the plaintiff "stepped one step out" as that car approached. *Held,* that the jury were warranted in finding that the plaintiff was in the exercise of due care.

In an action against a street railway company for personal injuries caused by the plaintiff being struck by a car of the defendant as she was crossing a street from behind a car bound in the opposite direction from which she just had alighted, evidence tending to show that the motorman of the car which struck the plaintiff was violating rules of the defendant which required him to run slowly and to sound a gong when passing a stationary car will warrant a finding that the motorman was negligent.

Testimony, that a woman, who was crossing a street railway track from behind a street car from which she just had alighted, having in mind a rule of the company which operated cars on the tracks requiring that a gong should be sounded by the motorman of a car passing a stationary car, stopped and listened and heard no gong, will warrant a finding that no gong was sounded by a car which approached rapidly on the track that she was crossing and struck her.

TORT for personal injuries caused by the plaintiff being struck by a street railway car of the defendant as she was crossing a street from behind another street car bound in the opposite direction. Writ dated June 11, 1912.

In the Superior Court the case was tried before *Keating,* J. The material evidence is described in the opinion. The judge refused to order a verdict for the defendant. There was a verdict for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

The case was argued at the bar in November, 1913, before *Rugg,* C. J., *Hammond, Loring, Braley, & De Courcy,* JJ., and afterwards was submitted on briefs to all the justices.

*F. W. McGettrick,* for the defendant.

*J. D. Graham,* for the plaintiff.

LORING, J. The only serious question here is whether the jury were warranted in finding that the plaintiff was in the exercise of due care. The facts which they were warranted in finding were in substance as follows: The car from which the plaintiff had just alighted was a closed car and it jutted out so as to take away her view. For that reason when she passed behind it she stopped and listened, having in mind that under the defendant's rules motormen were required to sound their gongs and run slowly by stationary cars. Hearing no gong or "any sound at all, . . . she then stepped out in the direction" of the other track, saw a car coming on the other track "going very fast,

as fast as she ever saw cars go when they had a clear road; . . . she had no time hardly to think; . . . she had only time to jump back as quickly and as hard as she could" (to quote her own testimony), when the drip rail of the other car struck her and broke her arm.  It appeared that the space between tracks was four feet eight and one half inches, and that the overhang of each car "was eighteen inches at least."  This left twenty and one half inches or less in the clear between the bodies of the cars, and the drip rail which struck the plaintiff protruded into this space.

There was direct evidence that the plaintiff took "one step out, . . . as this car was coming to the point." *  One step forward from the side line of the car she was leaving brought her into or beyond the side line of the passing car.  The jury were well warranted in finding that at the very second or fraction of a second when the plaintiff took that one step forward she was confronted by the passing car, which was rushing by at an excessive rate of speed and without warning.  We say at the very second or fraction of a second because ordinarily it takes less than a second to make a step forward.  The defendant has insisted upon the fact that the plaintiff did not testify that as she stepped forward she looked. But if the circumstances were found to be those just stated, she did not have to look to see the car.  It rushed upon her at the very second that she emerged from behind the vestibule of the car she was leaving.  If the plaintiff had known and appreciated that the one step forward would have brought her into the zone of danger, perhaps it might be held to have been negligent for her to take that one step.  But the plaintiff is not chargeable with knowledge of that fact.  Unless it can be said that as matter of law the plaintiff was bound either to have waited until her own car had passed on, or to have held back and peeked around the vestibule of the car she alighted from before taking one step forward, it cannot be said that as matter of law she was negligent.

In *Kennedy* v. *Worcester Consolidated Street Railway*, 210 Mass. 132, much relied on by the defendant, the plaintiff stepped on to the farther track, was hit by the front end of the passing car and thrown under the wheels.  Under those circumstances he had an opportunity to see the car if he had looked before he stepped

---

* A witness for the defendant, who was a passenger on the car, so testified.

between the rails of the track, but he did not do so. In addition the car from which the plaintiff in that case alighted was an open one, and for that reason his view was not wholly obstructed. In our opinion the case is more nearly like *Purcell* v. *Boston Elevated Railway*, 211 Mass. 79, where the plaintiff, a girl six and one half years old, listened from behind the stationary car, and where it was held that the jury were warranted in finding that she knew of the rule or custom to sound the gong under the circumstances, and that she relied upon the fact that it was not sounded.

There was evidence of the defendant's negligence in the violation by the motorman of the rule to run slowly and sound the gong when passing a stationary car. *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476. There was evidence that the gong was not rung under the rule explained in *Slattery* v. *New York, New Haven, & Hartford Railroad*, 203 Mass. 453.

In the opinion of a majority of the court the entry must be

*Exceptions overruled.*