MAURICE PRENDERGAST *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk    January 6, 1919. — March 4, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Street railway, Of child.

In an action against a corporation operating a street railway for personal injuries sustained by the plaintiff, a boy six years and seven months of age, from being struck and knocked down by the fender of a street railway car of the defendant, there was evidence that the plaintiff was returning from a store where he had been sent on an errand by his mother and was accompanied by his brother, three years of age, and by another boy, that the plaintiff saw a box car in front of him and attempted to cross behind it, that it started just as he reached the rail and that just as he put one foot on the next track, he was struck by the fender of the defendant's car coming from the opposite direction. There was evidence of rules of the defendant which required that under the circumstances shown the motorman of the defendant's car should have sounded his gong and should have had his car under control. Although there was evidence that the gong was sounded, that the car was moving slowly and that it was stopped within a very short distance after the plaintiff was struck, yet there was evidence to the contrary on which the jury could have found that the gong was not sounded and that the car was going fast. And, although there was some evidence that the plaintiff was running and was injured by reason of his reckless conduct, yet the plaintiff testified that he was listening and the jury could have found that he was walking and was listening for an approaching car. *Held*, that there was evidence for the jury that the motorman was negligent and that the plaintiff was in the exercise of the care reasonably to be expected from an ordinarily prudent boy of his years.

TORT for personal injuries sustained on October 6, 1914, when the plaintiff was six years and seven months of age and was crossing Blue Hill Avenue in Boston toward the intersection of Julian

Street with that avenue, by reason of being struck and thrown to the ground and run over and his right leg cut off by a street railway car alleged to have been operated negligently by the defendant's servants. Writ dated June 5, 1916.

In the Superior Court the case was tried before *Hitchcock,* J. At the close of the evidence, which is described in the opinion, the judge refused to order a verdict for the defendant. The defendant then asked the judge to make the following rulings:

"1. Upon all the evidence in the case the plaintiff is not entitled to recover.

"2. Upon all the evidence in the case there is no evidence that the motorman was negligent and therefore the plaintiff cannot recover.

"3. Upon all the evidence in the case there is no evidence that any negligence of the motorman caused or contributed to causing the injuries to the plaintiff and therefore he is not entitled to recover."

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $10,200. The defendant alleged exceptions.

*E. P. Saltonstall,* for the defendant.

*W. R. Sears,* (*A. M. Boal* with him,) for the plaintiff.

CARROLL, J. The plaintiff, a boy six years and seven months old, while crossing Blue Hill Avenue at Julian Street was struck by one of the defendant's cars.

The plaintiff returned to his home from school in the afternoon and was sent by his mother to a store on the westerly side of Blue Hill Avenue, near the Julian Street cross walk. He was accompanied by his brother, three years of age, and a boy named Mc-Deavitt. As he left the store he noticed standing in front of him a box car headed toward Grove Hall; he attempted to cross the street behind this car, which started just as he reached the rail. He testified that, "he went back of the car and went on to the next — put one foot on the next track and saw another car and tried to get back and the fender hit him and knocked him down." The car which struck him was going in the direction of Dudley Street. He further testified that he was listening and heard no bell from the approaching car, and that he was not running. The speed at which the car was going was in dispute. One witness for the plain-

tiff said, "the car was going fast." The defendant's rule requiring the gong to be sounded "when passing cars or vehicles, and at all points where vehicles or foot passengers are crossing or approaching," and the rule "Avoid whenever practicable, passing a car standing at a stopping place, and when necessary to so pass, have car under control for instant stop," as well as the rule that "wherever children or persons are upon the street near the track; also when passing standing or slowly moving cars . . ., motormen must shut off the power and apply the brakes sufficiently to bring the car under . . . control," were in evidence. Several witnesses testified that they heard no gong.

The car which struck the plaintiff was passing a car which had just started, after discharging passengers. According to the defendant's rules the motorman should have rung his gong and had his car under control. And although there was evidence that the gong was sounded, that the car was moving slowly and was stopped within a very short distance after the plaintiff was struck, there was also evidence to the contrary, which the jury could have believed, namely, that the gong was not sounded and the car was going fast. This was in violation of the defendant's rules and was evidence of its negligence. *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476. *Emery* v. *Boston Elevated Railway,* 218 Mass. 255. See *Breen* v. *Boston Elevated Railway,* 211 Mass. 519; *Harrington* v. *Boston Elevated Railway,* 214 Mass. 563.

On the evidence the jury could have found that the plaintiff was in the exercise of due care. While there was some evidence that he was running across the street and by his own reckless conduct was injured, he testified he was listening, and the jury could have found on all the evidence that he was walking and listening for an approaching car; and could have inferred that he relied to some extent on the fact that he heard no warning from the car which struck him, that his view was somewhat obstructed by the box car going in the direction of Grove Hall, and that he used that degree of care which might be expected from the ordinarily prudent boy of his years. *Beale* v. *Old Colony Street Railway,* 196 Mass. 119. *Purcell* v. *Boston Elevated Railway,* 211 Mass. 79. *Lucarelli* v. *Boston Elevated Railway,* 213 Mass. 454. *Emery* v. *Boston Elevated Railway, supra.*

*Exceptions overruled.*