MICHELINA INANGELO vs. ARTHUR R. PETTERSON.

Worcester.    October 18, 1920. — November 22, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence*, Contributory, In use of highway.  *Evidence*, Hospital record.  *Practice, Civil*, Exceptions.

At the trial of an action by a girl against the operator of a motor car for personal injuries received by the plaintiff when eleven years of age and caused by her being run into by the motor car at about noon on a public way twenty-five feet wide, which she was crossing, there was evidence that, before starting to cross the way, the plaintiff had looked in both directions and had waited for motor vehicles to pass and that she had reached the farther side of the way and had one foot upon the curbstone when she was struck by the motor car, which was travelling at the rate of thirty or thirty-five miles an hour.  *Held*, that a finding was warranted that the plaintiff was in the exercise of due care.

At the trial above described, the plaintiff introduced in evidence a hospital record of treatment for her injury, except a statement therein reading as follows: "'Present Illness,' while patient was running along the road four days ago, she was run over by an automobile producing injuries as per local (left leg)." The defendant then offered the portion of the record omitted by the plaintiff and that portion was excluded.  *Held*, that the exclusion was right, since the admission of the excluded portion of the record would have been in direct violation of St. 1905, c. 330, as amended by St. 1912, c. 442.

TORT for personal injuries alleged to have been caused on March 14, 1919, by a motor car operated by the defendant running into the plaintiff on Shrewsbury Street in Worcester.  Writ dated April 18, 1919.

In the Superior Court the action was tried before *Sanderson*, J. The material evidence is described in the opinion.  At the close of the evidence, the defendant moved that a verdict be ordered for him.  The motion was denied.  The jury found for the plaintiff in the sum of $500; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. S. Avery*, for the defendant.

*N. Fusaro, E. F. Simpson & G. F. Foley*, for the plaintiff.

CROSBY, J.  The plaintiff, a girl about eleven years of age, while crossing a street at a place where a walk had been constructed for pedestrians, was struck and injured by an automobile operated by the defendant.  The accident occurred about noon.  There was

evidence that the street was twenty-five feet wide; that the plaintiff looked in both directions and waited for automobiles to pass, and then started across; that she had reached the opposite side and had her right foot on the curbstone when she was struck by the automobile; that she did not see it until after she was struck; and that the automobile was travelling at the rate of thirty or thirty-five miles an hour at that time. It is conceded that there was evidence of the defendant's negligence. Upon the facts recited in the record it could have been found that the plaintiff was in the exercise of due care. *Beale* v. *Old Colony Street Railway*, 196 Mass. 119, 123. *Patrick* v. *Deziel*, 223 Mass. 505. *Prendergast* v. *Boston Elevated Railway*, 232 Mass. 409, 411.

The plaintiff offered in evidence a part of the hospital record respecting her case, which was admitted. The following part of the record was offered by the defendant and excluded subject to the defendant's exception: "'Present Illness,' while patient was running along the road four days ago, she was run over by an automobile producing injuries as per local (left leg)." The statute under which hospital records are admissible in evidence, St. 1905, c. 330, § 2, as amended by St. 1908, c. 269, and by St. 1912, c. 442, § 2, permits their introduction so far as they relate "to the treatment and medical history of such cases; but nothing therein contained shall be admissible as evidence which has reference to the question of liability." Clearly the purpose of the statute was to exclude any part of a record that referred to the question of liability; such evidence would be hearsay and contrary to a well established rule.

The defendant relies on the decision in the recent case of *Leonard* v. *Boston Elevated Railway*, 234 Mass. 480. It was there decided that in the trial of an action for personal injuries the recital in the record "Odor of alcohol on breath" could not be held as matter of law not to relate to the plaintiff's medical history, and may have been a material fact to consider in making a diagnosis of his condition.

In the case at bar the complete record is annexed to the bill of exceptions, from which it appears independently of the portion excluded that the plaintiff received an injury to her left leg; it is plain that so much of the record as was competent under the statute was admitted and the defendant was not harmed by the

exclusion. To have permitted the defendant to introduce that part which recited that the plaintiff was injured while she "was running along the road" would have been in direct violation of the statute.

The case of *Wilder* v. *General Motorcycle Sales Co.* 232 Mass. 305, cited by the defendant, is not an authority in favor of his contention; in that case no question respecting the admissibility of a hospital record was considered.

*Exceptions overruled.*