WENDELL P. MACKINTOSH & another *vs.* CARMINE CIOPPA
& another.

HERBERT MACKINTOSH *vs.* SAME.

Norfolk.   March 21, 1923. — May 23, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence*, Relevancy and materiality, Competency.  *Practice, Civil*, Exceptions.

At the trial of an action of contract by a lessor against a lessee for breach of
a covenant in a lease of real estate to surrender the premises at the end of
the term in as good order and condition as they were in at the beginning
of it, it is proper to exclude a question, asked of the plaintiff, " Can you
tell us how much you paid to have these injuries [i. e. done to the house
during defendants' occupancy] repaired and put into proper condition? "
the measure of the plaintiff's damages being, not necessarily how much
the plaintiff paid to restore the house to the condition it was in at the begin-
ing of the term, but what it would cost to repair it and put it in the con-
· dition it ought to be in.

An exception to the exclusion of a question asked by the plaintiff of a witness
on direct examination must be overruled where it appears that, in further
direct examination of the same witness, the question was answered fully.

An exception to the exclusion of a question at a trial must be overruled, even  '
if the question was competent, where the record does not disclose what
answer to the question was expected.

At the trial of an action for breach of covenants in a lease of real estate, the
trial judge permitted the plaintiff to be asked on cross-examination, " Do
you know or do you not know whether or not " the defendant " can read
or write English?"   The plaintiff answered that, apart from writing his
own name, he could not say whether the defendant could write English, but
that he understood English.   There was no exception to the charge to the
jury, which was not printed in the bill of exceptions.  *Held*, that, even if, by
reason of the fact that the defendant was bound by the lease if he executed
it without fraud, the questions were incompetent and immaterial, the
plaintiff was not shown to have been harmed, as it must be assumed that
correct instructions were given to the jury upon that and other issues.

It is proper to refuse to permit a plaintiff, who has denied his signature upon
a receipt for $100, to introduce in evidence an account book kept by him
for the purpose of showing " that he received no such payment as the receipt
in dispute calls for."

Two ACTIONS OF CONTRACT, based upon leases of real es-
tate from the plaintiffs to the defendants.  Writs dated
September 10, 1918.

In the Superior Court, the actions were tried together before *Keating*, J. Material evidence and exceptions saved by the plaintiffs are described in the opinion.

With relation to the question, asked of one of the plaintiffs on cross-examination, " Q. Do you know or do you not know whether or not Mr. Cioppa can read or write English?" the record stated that the plaintiff answered, " that apart from his writing his own name, he couldn't say as to his ability to write English, but he understood English at the time, that the plaintiff gave him a bill one time with some charges on for repairs of the leased premises, and he said about it that he couldn't afford to pay it, or didn't want to pay it. The defendants claimed that Cioppa, aforesaid, could not read or write English except his name, and that although both leases were executed on November 15, 1910, one of the leases was actually dated October 15, 1910."

The jury found for the defendants in each action; and the plaintiffs alleged exceptions.

The cases were submitted on briefs.

*H. B. Mackintosh*, for the plaintiffs.

*G. H. Mellen*, for the defendants.

CROSBY, J. These are two actions of contract tried together — the first to recover a balance of rent alleged to be due under a written lease of a farm; the second, under the first count, to recover a balance of rent under a written lease (including water rates) of a house and lot adjacent to the farm, and, under the second count, to recover damages for breach of the lessees' covenant to surrender the premises at the end of the term in as good order and condition as they were in at the beginning of it. The jury found for the defendants in each case. The cases are before us on exceptions to the admission and exclusion of certain evidence.

The plaintiff in the second action excepted to the exclusion of the following question propounded to him: " Can you tell us how much you paid to have these injuries [i. e. done to the house during defendants' occupancy] repaired and put into proper condition?" The measure of the plaintiff's damages was not necessarily how much the plaintiff paid to restore the house to the condition it was in at the beginning

of the term, but what it would cost to repair it and put it in the condition it ought to be in; accordingly the question was rightly excluded. *Watriss* v. *First National Bank of Cambridge*, 130 Mass. 343. *Cawley* v. *Jean*, 218 Mass. 263, 270. *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589, 592. *Appleton* v. *Marx*, 191 N. Y. 81.

The plaintiff in the second action excepted to the refusal of the trial judge to allow him to show by one Duvall the condition of the premises in July, 1916, several months after they had been vacated by the defendants. This witness was asked, " What did you notice, if anything, about the doors?" The question was excluded subject to the plaintiff's exception; but later this witness was allowed to testify, without objection, that he visited the house in July, 1916, and observed its condition; that the doors were all broken, the plaster was all off, the wall paper had been removed on the first and second floors, the paint in the front hall had been destroyed, and five doors were broken off their hinges. The question seems to have been afterwards fully answered in further direct examination by the plaintiff; accordingly its previous exclusion did not harm the plaintiff.

The same witness was asked, " And did it take three men a week to put it back in the condition it was at the commencement of the tenancy, allowing for reasonable wear and tear?" If we assume that the question was competent, it does not appear what the answer would have been; therefore it is not shown that its exclusion was prejudicial to the plaintiff.

The question put to one of the plaintiffs on cross-examination, " Do you know or do you not know whether or not Mr. Cioppa can read or write English?" was admitted subject to the plaintiff's exception. The record does not show that this defendant's ability to read or write was material. If he executed the leases he was bound thereby, in the absence of fraud or deception, even if he could not read or write. As no exception was taken to the charge, which is not before us, we must assume that correct instructions were given upon this and other issues involved. If the question was incompetent it does not appear that its admission was harmful to the plaintiff.

The defendants produced at the trial a rent bill for $100 which purported to have been written and receipted by the plaintiff in the second action. The latter admitted that the body of the bill was in his handwriting but denied the genuineness of the signature, and offered in evidence an account book kept by him for the purpose of showing " that he received no such payment as the receipt in dispute calls for." The evidence was properly excluded. It was offered not as containing an entry relating to the $100 in question, but as showing that from an absence of the entry the money was not paid as the defendants testified. Manifestly it was inadmissible. *Morse* v. *Potter*, 4 Gray, 292. *L'Herbette* v. *Pittsfield National Bank*, 162 Mass. 137, 142. *Riley* v. *Boehm*, 167 Mass. 183, 187. *Gurley* v. *Springfield Street Railway*, 206 Mass. 534, 537.

*Exceptions overruled.*