CATHERINE LIPSKI *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    January 21, 1924. — April 10, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, PIERCE, CARROLL,
& WAIT, JJ.

*Negligence*, Contributory, In use of highway, Street railway.

At the trial of an action by a woman against a street railway company for
personal injuries, there was evidence tending to show that the plaintiff
at one o'clock on a morning in April had alighted from a street car of
the defendant; that she then proceeded to the rear of that car and
started to cross the street over tracks upon which cars of the defendant
ran in the direction opposite to that of the car from which she had
alighted; that she had been accustomed to cross the street at that
point at the same time in the morning for several months on her way
to work; that as she walked she was listening to hear if a car was ap-
proaching on the other track; that she heard no sound and that no
gong was sounded; that she saw no light of an approaching car; that
she looked beyond the overhang of the car she had left to see if a car
was in sight on the other track and that at that instant she was struck
on the head by the other car and was injured; that she had " no chance
to see anything; " and that the space between the sides of the two
cars was less than two feet. *Held*, that
    (1) It could not be said as a matter of law that the plaintiff was care-
less: there was evidence for the jury on the question of her due care;
    (2) There was evidence for the jury on the question of negligence of
the defendant.

TORT for personal injuries received on April 1, 1920, and
caused by the plaintiff's being run into by a street car of the
defendant as she was crossing a public highway after having
alighted from one of the defendant's cars. Writ dated
June 4, 1920.

In the Superior Court, the action was tried before
*Raymond*, J. Material evidence is described in the opinion.
At the close of the evidence, the judge ordered a verdict
for the defendant and reported the action for determination
by this court upon an agreement by the parties that, if he
was wrong in directing a verdict for the defendant, judgment
should be entered for the plaintiff in the sum of $1,300,
which should include the claim of the plaintiff's husband for

consequential damages; and, if otherwise, judgment should be entered for the defendant on the verdict.

The case was submitted on briefs in January, 1924, to *Rugg*, C.J., *DeCourcy, Crosby, Pierce,* and *Carroll,* JJ., and afterwards was submitted on briefs to all the Justices.

*T. Eaton & A. W. Blakemore,* for the plaintiff.

*A. E. Pinanski & R. L. Mapplebeck,* for the defendant.

CARROLL, J.    The plaintiff was a passenger on one of the defendant's surface cars.    She boarded the car at South Boston, near the corner of Washington and Boylston streets, she alighted and walked in the rear of the car " about a foot " from it, intending to cross the outbound tracks on Washington Street, and transfer to a Boylston Street car; she was struck by another car of the defendant, moving in an opposite direction on the outbound track.

She testified through an interpreter that she was listening, " walking slow to hear," and heard no sound of the gong or bell from the approaching car; that she knew cars ran in the opposite direction on the track she was about to cross, and attempted to look for the approaching car, when it " came along fast and hit me in the head; " that she had not gone as far as either rail of the opposite track when she was struck; that she saw no lights on the car that hit her, and did not see the car; that she had " no chance to see anything," " no chance to look, I got no time to look, as soon as I look in they caught me in the head."    In answer to the question, " You knew that you had to be careful to make sure that there was no car coming in the opposite direction before you stepped out," she replied, " That was what I attempted to do but I ain't got no chance to do, sir."

The car from which she had alighted was standing.    It was a box car, and the car that struck her was of the same type.    Both ends of the cars were enclosed, and the overhang beyond the rails of each was eighteen and three quarters inches.    The distance between the inner rail of the northbound track and the inner rail of the southbound track was five feet.

There was some evidence for the jury on the question of the due care of the plaintiff.    They could have found that she

walked in the rear of the car while it was stationary; that she was listening to hear if a car was approaching on the outbound track; that she did not hear it, and no gong was sounded; that she looked beyond the overhang of the car to see if a car was in sight, and at that instant she was struck on the head and injured. The space between the sides of the cars was less than two feet. The accident happened about one o'clock in the morning, the plaintiff testified that she did not see any lights on the approaching car. The jury could have found that she was endeavoring to look out for her own safety, and was in the act of bending over to see if a car was coming, when she was hit by the overhang of the outbound car. In the opinion of a majority of the court, it could not be said, under these circumstances, that as matter of law she was careless. The case is governed by *Emery* v. *Boston Elevated Railway*, 218 Mass. 255. In that case the plaintiff had in mind the rules requiring motormen to sound the gong and run slow by stationary cars. In the case at bar there was no evidence that the plaintiff knew of these rules; but she was listening to hear if the gong was sounded. For several months prior to the accident she had been accustomed, while on her way to work, to cross from the Washington Street car to the Boylston Street car at this point and at this hour in the morning. The jury could infer from this that she relied on the fact that she heard no warning gong from the car that struck her. *Purcell* v. *Boston Elevated Railway*, 211 Mass. 79. *Prendergast* v. *Boston Elevated Railway*, 232 Mass. 409.

The fact that the plaintiff, in the Emery case, stopped, does not distinguish that case from the one at bar. *Gibb* v. *Hardwick*, 241 Mass. 546, relied on by the defendant, is to be distinguished. The plaintiff in that case was struck by an automobile. He did not listen for a signal for the approach of the automobile, and if he looked, no reason was shown why he could not have seen it. Mrs. Lipski, according to her testimony, was listening in a place where her range of vision was limited, and was attempting to protect herself and hear if a car were approaching. *Doyle* v. *Boston Elevated Railway*, *ante*, 89, is to be distinguished.

There was evidence of the defendant's negligence; the testimony tended to show a violation by the motorman of the rule to run slowly and sound the gong when passing a stationary car. *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476. The case should have been submitted to the jury. According to the terms of the report judgment is to be entered for the plaintiff in the sum of $1,300.

*So ordered.*