Isadore J. Cohen *vs.* Boston Edison Company.

Suffolk.     December 2, 1947. — January 5, 1948.

Present: Qua, C.J., Lummus, Dolan, Wilkins, & Spalding, JJ.

*Evidence,* Hospital record, Business record, Absence of fact.

The time of admission of a patient to a hospital is an important fact in the medical history of his case and a statement of the time properly may be admitted in evidence as a part of the hospital's record of the case under G. L. (Ter. Ed.) c. 233, § 79, in the amended form appearing in St. 1943, c. 233, § 1.

The time of admission of a patient to a hospital, properly admitted in evidence as a part of the hospital's medical record of the case, could also be considered on the question of liability.

Testimony by an employee of a bank, who had examined certain records in his control, that he found no ledger card for the plaintiff, was admissible to show that the plaintiff had no account at that bank.

Tort. Writ in the Superior Court dated October 24, 1940. The action was tried before *Hanify,* J.

*J. C. Johnston,* for the plaintiff.

*T. H. Mahony,* (*F. B. Frederick* with him,) for the defendant.

WILKINS, J.  This is an action of tort for personal injuries and property damage due to a fire at the plaintiff's place of business which was allegedly caused by the defendant's negligence.  The jury returned a verdict for the defendant.  The plaintiff's exceptions are all to rulings on evidence.

1. The plaintiff was a manufacturer of paints and rubber products in Brookline.  On August 19, 1940, there was a two-alarm fire in his premises following an explosion of vapors.  There was a conflict in the evidence as to whether the fire started from the defendant's meter or near a motor switch or motor of the plaintiff.  The hour when the fire began was also in dispute.  The plaintiff and a police officer testified that the fire occurred about 1 P.M.  The plaintiff went to the Peter Bent Brigham Hospital "immediately after the fire."  The police officer testified that he took the plaintiff there at 1 P.M.  The chief of the fire department testified that the first alarm was sounded at 3:19 P.M. and the second alarm at 3:23 P.M.  The plaintiff read into evidence portions of a condensed copy of the hospital record pertaining to his treatment, the defendant "reserving the right" to offer the original.  The defendant, as part of its case, read into evidence the original record of the emergency room, to which the plaintiff was first admitted, and, subject to the plaintiff's exception, a statement therein to the effect that the plaintiff was admitted to the hospital at 3:25 P.M.  There was no objection on the ground that the original record or a copy was not marked as an exhibit.

General Laws (Ter. Ed.) c. 233, § 79, as effective on the date of the trial, read: "Records kept by hospitals under section seventy of chapter one hundred and eleven shall be admissible as evidence in the courts of the commonwealth so far as such records relate to the treatment and medical history of such cases . . . but nothing therein contained shall be admissible as evidence which has reference to the question of liability."  St. 1943, c. 233, § 1.  It is undisputed that the Peter Bent Brigham Hospital was a hospital

subject to G. L. (Ter. Ed.) c. 111, § 70, as amended. The plaintiff's contention is that the time of his admission to the hospital had no relation to "treatment and medical history," but that the evidence was offered to affect his credibility and had "reference to the question of liability."

There was no error. The time of a patient's admission to a hospital relates to the beginning of his treatment there. It is an important fact in the medical history of his case. As such the record of that fact was admissible, even though that fact incidentally may have had some bearing on the question of liability. *Leonard* v. *Boston Elevated Railway*, 234 Mass. 480. , Once admitted, the record of that fact could be considered on any issue to which it was relevant under the rules of law. *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526, 540. *Clark* v. *Beacon Oil Co.* 271 Mass. 27. *Caccamo's Case*, 316 Mass. 358, 362. There is nothing to the contrary in *Inangelo* v. *Petterson* 236 Mass. 439, 440, where the excluded record, "'Present Illness,' while patient was running along the road four days ago, she was run over by an automobile," narrated facts connected with the occasion of the patient's resort to the hospital and had no reference to treatment or medical history in the hospital. *Clark* v. *Beacon Oil Co.* 271 Mass. 27, 30.

2. On cross-examination as to the amount of property damage, the plaintiff testified that his business records and check book were destroyed by the fire; that he did not remember whether at the time of the fire he had one or more bank accounts; but that he did have a checking account in the Brookline Trust Company; and that in 1940 he used no other bank. The defendant called as a witness an employee of the Brookline Trust Company, who testified that he had examined the records which were in his control for the year 1940 to see if there were any accounts in the name of the plaintiff. Subject to the plaintiff's exception, he testified that he found no ledger card for the plaintiff. The ruling was right. This was a proper way of proving the absence of any such record. *Commonwealth* v. *Best*, 180 Mass. 492, 495. *Blair's Foodland Inc.* v. *Shuman's*

*Foodland, Inc.* 311 Mass. 172, 175–176. *Commonwealth* v. *Torrealba,* 316 Mass. 24, 30. Wigmore, Evidence (3d ed.) § 1244. See G. L. (Ter. Ed.) c. 233, § 77; *Chesapeake & Delaware Canal Co.* v. *United States,* 250 U. S. 123, 128–129. The plaintiff relies upon *L'Herbette* v. *Pittsfield National Bank,* 162 Mass. 137, 142, *Riley* v. *Boehm,* 167 Mass. 183, 187, and *Mackintosh* v. *Cioppa,* 245 Mass. 152, 155, which, however, are distinguishable. In each of those cases the defendant was not permitted to introduce, in denial of the plaintiff's claim, self-serving evidence consisting of the absence of entries in his own books. See *Sanborn* v. *Fireman's Ins. Co.* 16 Gray, 448, 455. Compare Wigmore, Evidence (3d ed.) §§ 1531, 1556.

3. Another question of evidence argued by the plaintiff is not open as no exception was taken. *United States Fidelity & Guaranty Co.* v. *Sheehan,* 308 Mass. 321, 325.

*Exceptions overruled.*