JOYCE JOHNSON *vs.* WILMINGTON SALES, INC. July 27, 1977. 1. There was no error in the admission in evidence of the cash receipts journal of Ford Motor Credit Company to prove the absence of a cash payment by the plaintiff's son. The point is controlled by *Commonwealth* v. *Torrealba,* 316 Mass. 24, 30 (1944), and *Cohen* v. *Boston Edison Co.* 322 Mass. 239, 241-242 (1948), or *Donovan* v. *Boston & Me. R.R.* 158 Mass. 450, 454-456 (1893), rather than by *Riley* v. *Boehm,* 167 Mass. 183, 187 (1896), and *MacIntosh* v. *Cioppa,* 245 Mass. 152, 155 (1923), on which the plaintiff relies. See also 5 Wigmore, Evidence § 1531 (Chadbourn rev. 1974); Leach & Liacos, Massachusetts Evidence 313-

314 (4th ed. 1967). 2. As evidence of the absence of an entry in the journal was admissible, the absence could also be proved by the testimony of one who had examined the journal. *Commonwealth* v. *Best,* 180 Mass. 492, 495 (1902). *Cohen* v. *Boston Edison Co., supra* at 241. 3. The plaintiff cites no authority, and we know of none, for her contention that the trial judge was required to admit in evidence a ten-year-old hospital record indicating that the plaintiff's son had a learning disorder, offered apparently to explain inconsistencies and lapses in his testimony. Compare *Commonwealth* v. *Ennis,* 2 Mass. App. Ct. 864 (1974). 4. We have reviewed the evidence and conclude that the judge was not clearly erroneous in finding that the plaintiff's son did not make a cash payment to Ford Motor Credit Company. 5. The plaintiff's claims under G. L. c. 255B, § 20A(B), as in effect prior to St. 1973, c. 629, § 2, and G. L. c. 93A, § 9(3) and (4), fail because there was evidence to warrant the trial judge's finding that the letter was mailed on August 16, 1974.

*Judgment affirmed.*

*Eric D. Blumenson* for the plaintiff.
*John S. Leonard* for the defendant.