IRENE A. BROWN *vs.* CHARLES T. SHERER.

Bristol.    October 29, 1891. — November 27, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Child — Contributory Negligence.*

A child not quite six years old was on her way home from school unattended save by other children, and persisted in skipping over a street crossing ahead of a carelessly driven vehicle, although warned not to do so, and was run down and injured. *Held*, in an action to recover for her injuries, that it could not be said, as matter of law, that skipping across the street was itself negligence, and that whether she was in the exercise of due care was properly left to the jury.

TORT, for personal injuries occasioned to the plaintiff, a child not quite six years old, by being run down by a horse and carriage, through the alleged negligence of the defendant's servant.

At the trial in the Superior Court, before *Hopkins*, J., there was evidence that on November 14, 1890, and for a month previously, the plaintiff had attended a primary school situated on Brownell Street in the city of Fall River; that about four o'clock in the afternoon of that day, after the school had been dismissed, she left the school yard with thirty or forty other children, and, unattended except by them, proceeded along the sidewalk of that street towards its junction with the east side of North Main Street; that the most direct way to her home was by crossing Brownell Street at this junction, and by proceeding along the east sidewalk of North Main Street; that when she reached the corner two other girls had already crossed, and were standing on the opposite corner; and that she started to cross, and got nearly over the crossing, when she was struck either by the defendant's horse or carriage, then being driven by his servant from North Main Street around the corner into Brownell Street, and was knocked down, receiving the injuries in question. The plaintiff testified that she was "skipping" over the crossing; that she had just called out to one of the girls ahead of her, "and did not see any horses around before she started"; and that while she was "skipping along," and had got almost across, she was struck and injured as above described. On cross-examination she testified that, if she had not been "skipping," she would not have been hurt; and that she knew that if she was struck by a horse and carriage she would get hurt. The plaintiff introduced evidence, which was contradicted, that the defendant's servant at the time was whipping the horse, and that the horse was trotting as he turned around the corner; and the defendant introduced evidence, which was also contradicted, that the plaintiff was warned by the other girls, who saw the defendant's horse and carriage approaching, not to go over the crossing; that the plaintiff answered them that she could get over before the carriage; and that she was "skipping" along without stopping when she was struck and run over.

The defendant asked the judge to give the following instructions, without more: "If the plaintiff was 'skipping' across

the way, and was warned of the approach of defendant's horse and carriage, and, although so warned, refused to stop, and was injured while trying to get across the way before the horse and carriage should reach her, and took the risk of so doing, she was not in the exercise of due care, and cannot recover for injuries received from her coming into collision with the said horse or carriage by reason of her said conduct." Having read the request to the jury, the judge said: " I qualify that; it is for you to say whether or not, if she did 'skip' across, and, refusing to heed the warning, persisted in going across, whether that was due care upon her part; if it was not, then she is not entitled to recover."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*M. Reed*, for the defendant.

*A. N. Lincoln*, for the plaintiff.

ALLEN, J. It must be assumed from the verdict that the defendant's servant negligently drove around the corner into Brownell Street, and the only question presented to us is whether the instruction requested as to contributory negligence on the part of the plaintiff should have been given. It cannot be said, as matter of law, that skipping across the street was of itself negligence. The jury may have thought that the usual gait of a girl not quite six years old. No high degree of caution in guarding against careless driving can be expected from such a child; and the doctrine of voluntary assumption of a risk must have but slight application. The instruction as given was proper and sufficient.

*Exceptions overruled.*