EDGAR H. TRIPP, administrator, *vs.* WALTER E. TAFT.

Worcester. September 28, 1914. — October 23, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Of parent, In use of highway. *Automobile.*

It here was stated, as a matter of law not disputed in the present case, that the parents of a girl seven years of age, who is strong and healthy with good eyesight and hearing and of the intelligence usual for one of her years, are not negligent in permitting her to go to school unattended, in doing which she is obliged to cross a street forty-three feet wide on which there are parallel street railway tracks and where many automobiles and other vehicles commonly are passing.

If a healthy girl seven years of age starts to cross a street to the "girls' gate" of her school on the opposite side of the street, after a street railway car has passed her some four or five feet and after a boy has waved his hat at the driver of an approaching automobile so that it will not "do any harm," and, going "in a jog trot, as children do when they run across a road," is struck and fatally injured by an automobile approaching at the rate of from fifteen to twenty miles an hour without sounding any horn, she is not negligent as matter of law, and in an action against the driver of the automobile for causing her death the question of her due care is for the jury.

If the driver of an automobile when approaching a school house shortly before the opening hour of the school, disregarding the warning of a boy who runs out into the street and waves his hat at him so that the automobile will "not do any harm," proceeds at the rate of from fifteen to twenty miles an hour without sounding any horn and knocks down a girl seven years of age who is crossing the street at a "jog trot" on her way to the "girls' gate" of the school house, these facts are evidence of the driver's negligence in an action against him for causing the death of the little girl.

TORT by the administrator of the estate of Nellie Tripp, for causing the death of the plaintiff's intestate, a child seven years

of age, on September 20, 1912, by knocking her down with an automobile driven by the defendant on West Boylston Street in Worcester as she was crossing that street at about 8.45 A.M. to reach the West Boylston Street School, where she was a pupil. Writ dated October 31, 1912.

In the Superior Court the case was tried before *Dana*, J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to make fourteen rulings. Of these the judge gave four as instructions to the jury, and refused to make the other ten rulings in the form requested.

Among the rulings refused by the judge were the following, which are referred to in the opinion:

"1. Upon all the evidence and pleadings the plaintiff is not entitled to recover against the defendant.

"2. The plaintiff cannot recover in this action because it has not been proven that the plaintiff's intestate was in the exercise of due care, nor is there any evidence of negligence on the part of the defendant."

"14. There is no absolute or fixed speed limit at which automobiles may be operated in this Commonwealth, and it is for the jury to find that the rate of speed was reasonable and proper, having regard to the traffic, use of the way and safety of the public, no matter at what particular rate of speed the defendant operated his car at the time of the accident."

The judge submitted the case to the jury in a charge which is described generally in the opinion. The jury returned a verdict for the plaintiff in the sum of $750; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Meagher, E. Zaeder & C. F. Boyle,* for the defendant.

*F. B. Hall & J. H. Mathews,* for the plaintiff.

Rugg, C. J. This is an action to recover damages for the death of a girl, seven years old, who received mortal injuries from a collision with an automobile. There was evidence from which it might have been found that the deceased, a strong, healthy girl with good eyesight and hearing and with the intelligence usual to one of her years, was standing on the sidewalk on the westerly side of a street at a point nearly opposite the

"girls' gate" of the yard of the school on the other side of the street where she was a pupil, at fifteen minutes before the time for the opening of school. The width of the travelled part of the street between the sidewalks was about forty-three feet. There were two street railway tracks in the street and many automobiles and other vehicles commonly were passing. At a time when two cars about two minutes apart were moving on the westerly track and the defendant was approaching from the opposite direction on the other side of the street and there were no other vehicles nearby, and when "a trolley car had passed" on the westerly track, and "after the trolley car had cleared her some five or six feet," and when a boy "ran out in the street from a point . . . just north of the school gate and waved his hat at the driver of the automobile so it would not do any harm," she "started in a jog trot, as children do when they run across a road," or "ran across" the street "something a little faster than a walk," and was struck and fatally injured by the automobile driven by the defendant, no warning of its approach being given. In some respects this evidence was contradicted sharply, but its weight was for the jury.

If these were the facts, the deceased might have been found to have been in the exercise of the due care which reasonably could be expected from one of her age. It has not and could not be contended successfully that the parents of such a girl were negligent in permitting her to be unattended under these circumstances. She was on her way to school and directly in front of the school house yard. At such a place and hour travellers in automobiles might be expected to move at a moderate speed. The car which had just passed to some extent obscured her view of the opposite side of the street to her right, and the waving of the hat by the boy almost directly in front of her, which presumably she may have seen, might have been regarded as some protection against an approaching vehicle. All the evidence taken together, in its aspect most favorable to the plaintiff, warranted a finding of due care. The case falls within the class of which *Beale* v. *Old Colony Street Railway*, 196 Mass. 119, *Angelary* v. *Springfield Street Railway*, 213 Mass. 110, *Ayers* v. *Ratshesky*, 213 Mass. 589, and *Clark* v. *Blair*, 217 Mass. 179, are examples; and is distinguishable from *Stackpole* v. *Boston Elevated Railway*, 193 Mass. 562, *Hayes*

v. *Norcross,* 162 Mass. 546, *Russo* v. *Charles S. Brown Co.* 198
Mass. 473, *Kyle* v. *Boston Elevated Railway,* 215 Mass. 260,
*Mills* v. *Powers,* 216 Mass. 36, and like decisions.

There was also evidence to the effect that the speed of the auto-
mobile was estimated at from fifteen to twenty miles an hour,
that no horn was sounded, and that warning to abate his speed
was given to the defendant by the waving of the hat of the boy.
The rate of speed alone, in view of the close proximity to a school
house and the actual presence of some children nearby, and the
natural expectation that the paths of others at that hour of the
day would be converging to that point, was significant. This was
enough, together with the other circumstances, to support a find-
ing of negligence. It follows that the defendant's requests for
rulings numbered one and two were refused rightly.

The reading of the statute (St. 1910, c. 605, § 6) which pro-
hibits the operation of an automobile at a rate of speed beyond
what "is reasonable and proper, having regard to traffic and the
use of the way and the safety of the public," together with the
other instructions given on this branch of the case, adequately
protected the rights of the defendant. His fourteenth request
for ruling was refused rightly.

The charge covered all the material aspects of the issues raised
in terms to which no exception was taken. The judge did not
use the words of some of the requests for rulings which were cor-
rect in law. But he was not required to do this provided the in-
structions given were adequate and accurate, and dealt with all
the questions fairly raised. It is not necessary to review them
in detail. So far as not given in substance, they were refused
rightly.

*Exceptions overruled.*