ANNA GAUTHIER *vs.* ADDISON L. QUICK.

Hampden.    October 20, 1924. — November 24, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* Due care of plaintiff, In use of highway.

At the trial of an action of tort against the owner of an automobile, driven by his employee, for personal injuries received by a pedestrian on a highway, there was evidence tending to show that the plaintiff, a woman, was run into by the defendant's automobile as she was crossing a portion of the highway thirty feet wide on which vehicles ran from her left toward her right only, the highway being divided in the middle by a green; that there was blowing a strong wind with rain from her left and that she held an umbrella with both her hands pointing toward her left; that, before crossing, she looked to her left and saw the defendant's automobile one hundred and fifty to two hundred feet distant coming toward her in the middle of the way and, deciding that she had plenty of time to cross, proceeded walking rapidly; that she was struck by the automobile just as she was about to step upon the curbing at the farther side of the portion of the way she was crossing; that the automobile was going at a rate of about thirty miles an hour under perfect control; that it did not slow down; that the pavement was slippery; that the driver steered it toward his left, thinking that the plaintiff would return to the curb whence she came; that it stopped fifteen or twenty feet after striking the plaintiff, and was then at right angles to the highway. *Held,* that

(1) The jury were warranted in finding that the defendant had not maintained the burden of proving contributory negligence on the part of the plaintiff;

(2) A finding was warranted that the plaintiff's belief that she could cross the street in safety was reasonable;

(3) The plaintiff in deciding to cross the street had the right to take into consideration the duty which the defendant owed her, as a pedestrian, to slow down and give a timely signal;

(4) The plaintiff had the right to rely, to some extent, on the expectation that the defendant's automobile would not run into her when she was almost at the curb and there was ample room for it to pass without striking her.

TORT for personal injuries received when the plaintiff was run into by an automobile owned by the defendant and driven by his employee.    Writ dated February 24, 1921.

In the Superior Court, the action was tried before *Callahan,* J.    Material evidence is described in the opinion.    A motion

by the defendant for a verdict in his favor was denied. There was a verdict for the plaintiff in the sum of $5,600. The defendant alleged exceptions.

The case was submitted on briefs.

*L. A. Spaulding & S. Adams,* for the defendant.

*L. Gray,* for the plaintiff.

SANDERSON, J. The plaintiff, while walking across Main Street in Springfield in the middle of the day, was struck and injured by the automobile of the defendant, in which the defendant was riding and which was being driven at his request, on his business, by one Charles M. Lane. This is an action of tort to recover damages for injuries thus caused.

When the action was begun both Quick and Lane were named as defendants, but before trial a discontinuance was entered as to Lane. The only question raised in the case is, whether the presiding judge was right in refusing to allow the defendant's motion for a directed verdict. The case was submitted on briefs. The defendant has confined the argument in his brief to the issue of the plaintiff's due care.

Main Street, in Springfield, at the point where the accident happened, runs almost north and south, and is divided into two sections separated by a green or park. The section west of the green is reserved for traffic going in a southerly direction, and that on the east for traffic moving in a northerly direction. At the time of the accident, the defendant was travelling south in the westerly section of Main Street, which is about thirty feet in width, with street car tracks located on its easterly side, next to the curbing of this part of the street. On the westerly side of this section of Main Street there is a sidewalk about twelve feet wide. Auburn Street comes into Main Street from the west. Nearly opposite the point of intersection there is a paved road through the green which would permit travellers on foot or in vehicles to cross to the easterly section of Main Street. The jury took a view.

Upon the testimony most favorable to the plaintiff, the jury might have found the following facts: The plaintiff came out of a store on the westerly side of Main Street, and walked on the sidewalk to a pole near the curb at the corner

of Auburn Street, intending to cross the westerly section of Main Street to the opening in the green almost directly opposite. Before she stepped into the street, she looked in a northerly direction and saw the defendant's automobile one hundred and fifty to two hundred feet away, travelling in a southerly direction, in the middle of the section which she was about to cross. She decided that she had plenty of time to cross the street. The day was rainy, with a strong wind blowing from the north. She had her umbrella up all the time after she left the store, and held it, as she crossed Main Street, so that she could plainly see the street. She had to hold the umbrella with both hands. As soon as she made up her mind that she could safely cross the street, she walked pretty fast straight across toward the next sidewalk, which is on the southerly side of the opening in the green opposite Auburn Street, on the path which does not go straight across but on a slant. The wind appeared to blow her a little in a southerly direction as she was crossing, and her umbrella was pointed in the direction from which the storm was coming. When she was half way across the tracks and about to step on the curbing at the green she was struck on her left side by the defendant's automobile. She neither saw nor heard the automobile from the time she left the sidewalk until she was hit. She knew the street was one where there is usually a great amount of traffic, but at this time there was no vehicle in sight except that of the defendant. The automobile was going at the rate of thirty miles an hour and did not slow down. The pavement was slippery. The driver had the automobile under perfect control and kept swerving it toward the curb at the green, believing that if the plaintiff looked she would naturally step back to the curb from which she came. The automobile stopped at the curbing of the green fifteen or twenty feet from the place where it hit her, and when it came to a standstill it was headed toward the east, nearly at right angles to the track.

Upon this evidence the jury would be warranted in finding that the defendant had not maintained the burden of proving contributory negligence. They could find that the plaintiff's belief that she could cross the street in safety was reasonable.

*Lynch* v. *Fisk Rubber Co.* 209 Mass. 16.   Both she and the
defendant had reciprocal rights and duties as travellers.
*Crimmins* v. *Armstrong Transfer Express Co.* 217 Mass. 155.
In deciding to cross the street, she had the right to take into
consideration the duty which the defendant owed her, as a
pedestrian, to slow down and give a timely signal.   G. L. c.
90, § 14.   She was not bound to anticipate an unreasonable
and unlawful rate of speed.   She had the right to rely, to
some extent, on the expectation that the defendant's auto-
mobile would not run into her when she was almost at the
curb and there was ample room for it to pass without striking
her.   *McCrohan* v. *Davison,* 187 Mass. 466.   *Buoniconti* v.
*Lee,* 234 Mass. 73.   *Kaminski* v. *Fournier,* 235 Mass. 51.
The rule of ordinary care does not impose on travellers the
burden of being constantly on the lookout to see if the path
is clear.   *Hennessey* v. *Taylor,* 189 Mass. 583.

Inasmuch as the defendant has not discussed in his brief
the question of the defendant's negligence, we treat his right
to have that question considered as waived.   *Kennedy* v.
*Armstrong,* 223 Mass. 354, 359.   The defendant's motion
for a directed verdict was denied rightly.

*Exceptions overruled.*