WACLAW DAVICKI *vs.* HUGH FLANAGAN.

Bristol.    October 28, 1924. — December 2, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Negligence,* In use of highway, Contributory.

At the trial of an action for personal injuries received by a boy nine years of age when he was run into by an automobile operated by the defendant, there was evidence tending to show that when struck the boy was walking from school across a public way with more than fifty other children, about thirty of whom were ahead of him and the rest behind; that he was about in the middle of the street; that the automobile, "going fast," struck him; that he did not look in the direction whence the automobile came and did not see it until just before he was struck; that a witness, a boy who was about six feet behind him when he was struck, had seen the automobile about a block away when he (the witness) had stepped from the sidewalk; that the defendant gave no warning by horn or otherwise; that the left front mudguard of the automobile struck the plaintiff, and that the automobile then went fifty feet farther before it came to a stop. *Held,* that

(1) The mere fact that the plaintiff testified that he did not look in the direction from which the automobile came and did not see it until just before he was struck was not decisive on the question of his due care;

(2) It could not be ruled as matter of law that the plaintiff was negligent;

(3) The jury were warranted in finding that at the time of the injury the plaintiff was in the exercise of such care as might reasonably be expected of children of that age under similar conditions.

TORT for personal injuries received when the plaintiff was run into by an automobile operated by the defendant. Writ dated December 6, 1919.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked the trial judge "to

rule that the plaintiff was not in the exercise of due care and that the plaintiff was not entitled to recover."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

*G. Grime,* for the defendant.

*D. R. Radovsky,* (*H. W. Radovsky* with him,) for the plaintiff.

CROSBY, J. The plaintiff, a boy nine years of age, was on his way from a school on Rockland Street, in Fall River, to a bakery on South Main Street, to get his dinner. He testified that there were more than fifty school children at the time all going to the bakery for the same purpose, some of them running and some walking; that about thirty of them were ahead of him and more behind him; that all were crossing the street; that as he was walking across, and was about in the middle of, South Main Street he was struck by the automobile, knocked down and run over; and that as a result of the accident his leg was broken, his lips cut, and he received other injuries. He also testified that he did not see the automobile until just before he was struck; that it was "going fast"; that he saw other boys crossing the street so he went too. Another witness testified that he was about six feet behind the plaintiff at the time of the accident; that when he (the witness) stepped off the sidewalk he saw the automobile about a block away; that he heard no horn; that the machine was going fast; that the left front mud-guard hit the boy on the chest and knocked him over; and that the machine came to a stop about fifty feet beyond the place of the collision.

Although the plaintiff testified that he did not look in the direction from which the automobile came and did not see it until just before he was struck, that testimony is not decisive upon the question of his due care. If, as the jury could have found, the defendant was travelling at a high rate of speed without giving any signal of his approach, and the plaintiff was following other children across the street, it could not be ruled that the plaintiff was negligent. He had a right to rely to a certain extent upon the belief that

operators of automobiles would exercise a proper degree of care. *Hennessey* v. *Taylor*, 189 Mass. 583. Besides, the circumstance that he was following a large number of other children across the street was material as bearing upon his conduct. On the evidence most favorable to him the jury were warranted in finding that at the time of the injury he was in the exercise of such care as might reasonably be expected of children of that age under similar conditions. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126. *Burns* v. *Worcester Consolidated Street Railway*, 193 Mass. 63. *Beale* v. *Old Colony Street Railway*, 196 Mass. 119. *Tripp* v. *Taft*, 219 Mass. 81. *Prendergast* v. *Boston Elevated Railway*, 232 Mass. 409. *Inangelo* v. *Petterson*, 236 Mass. 439.

The question of negligence of the defendant has not been argued by him; it is obvious that it could not properly have been ruled that there was no evidence of such negligence. If, as the jury were justified in finding, the defendant came to the place in the street where the plaintiff and a large number of other children were crossing, operating his automobile at a high rate of speed and without sounding his horn or giving any other warning of his approach, a finding of negligence was amply warranted. *Tripp* v. *Taft, supra. Patrick* v. *Deziel,* 223 Mass. 505.

As the defendant's request for a ruling that the plaintiff was not entitled to recover could not rightly have been given, the entry must be

*Exceptions overruled.*