ALBERT SUTHERLAND *vs.* JOSEPH CARUSO.

Suffolk.    January 12, 1927. — March 3, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, In use of highway.

It was not error of law for a judge of a municipal court to find, on evidence warranting the finding, that the plaintiff, in an action of tort for personal injuries alleged to have been caused by negligence of the driver of a motor vehicle of the defendant which collided with a one-horse team driven by the plaintiff at the intersection of streets, was guilty of contributory negligence in violating a municipal ordinance providing that "A vehicle in turning to the left into another street shall pass to the right of and beyond the center of the intersection of a street before turning," although it appeared that the defendant's motor vehicle when it struck the plaintiff's team was proceeding on its left hand side of the street; and in such circumstances it was not error for the judge to refuse to rule that "the plaintiff is not obliged to anticipate a team coming on the left hand side of the road at that point."

TORT, for personal injuries.    Writ in the Municipal Court of the City of Boston dated September 27, 1924.

Evidence and findings of fact in the Municipal Court are stated in the opinion. The judge found for the defendant and reported the action to the Appellate Division, who ordered the report dismissed. The plaintiff appealed.

*W. P. Higgins*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

SANDERSON, J. This is an action of tort in which the plaintiff seeks to recover damages for personal injuries, received while he was driving a one-horse wagon across Atlantic Avenue in Boston. This avenue runs approximately north and south with a space for vehicles on either side, and in the center is an elevated structure beneath which are two tracks of the Union Freight Railroad. At the time of the accident two or more freight cars were standing on the westerly track and almost on a line with India Street, which terminates at the westerly side of Atlantic Avenue. The plaintiff drove out of India Street, on the left side, crossing the avenue until he came to the easterly track of the railroad, and when making a sharp turn in a northerly direction at the rear of the last car, his wagon was struck by an auto truck coming on the easterly track in the opposite direction, and being driven on the defendant's business by his servant.

The judge of the Municipal Court found that the plaintiff's conduct contributed to the accident; that if he had crossed Atlantic Avenue on the right side of India Street, making a wide turn the accident might not have happened. Art. 1, § 6, of the street traffic regulations and rules for driving, adopted by the board of street commissioners of Boston and in force at the time of the accident, provides that "A vehicle in turning to the left into another street shall pass to the right of and beyond the center of the intersection of a street before turning." The judge after finding for the defendant reported the case and the plaintiff appealed from an order dismissing the report. His only contention now is that the judge erred in refusing to rule that "the plaintiff is not obliged to anticipate a team coming on the left hand side of the road at this portion of Atlantic Avenue."

The finding that the plaintiff's violation of the traffic regulation was a contributory cause of the accident is a bar to his recovery, even if the ruling refused accurately stated the law. *Moran* v. *Dickinson*, 204 Mass. 559, 562. *Driscoll* v. *Boston Elevated Railway*, 223 Mass. 533, 536. But the question, whether the plaintiff should have anticipated the coming of a team on the left hand side of the road, was one of fact upon all the evidence. Although it is true that a trav-

eller on the highway has a right to rely to some extent on the expectation that other travellers will obey the law and will use reasonable care not to injure him, *Hennessey* v. *Taylor,* 189 Mass. 583, 586, *Gauthier* v. *Quick,* 250 Mass. 258, 261, *Davicki* v. *Flanagan,* 250 Mass. 379, 380, yet he still has the duty to use ordinary care and prudence to avoid an injury that might otherwise result from the negligence of another. *Parker* v. *Adams,* 12 Met. 415, 419.   *Rogers* v. *Phillips,* 206 Mass. 308, 309.

*Order dismissing report affirmed.*