JOSEPH M. GAULIN *vs.* SARKIS H. YAGOOBIAN.

Worcester.     September 26, 1927. — October 17, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Motor vehicle, In use of highway, Contributory.

At the trial of an action for personal injuries received when the plaintiff, eight years of age, was run into by an automobile of the defendant, driven by his employee and on his business, there was evidence that the plaintiff and other school children were on a sidewalk and in a

gutter on the left hand side of the street as the automobile was moving, that the plaintiff was crossing the street and saw the automobile when one hundred fifty feet away; that the automobile was going at the rate of twenty to thirty miles an hour and was "well over to the left side of the street" at the time of the accident, and after the accident went thirty feet before it stopped. There also was evidence that the plaintiff was engaged in play and was running across the street. *Held,* that

(1) There was evidence of negligence on the part of the driver of the automobile;

(2) It could not be ruled as a matter of law that the plaintiff was guilty of negligence: that was a question of fact for the jury.

TORT, for personal injuries. Writ dated April 1, 1921.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is stated in the opinion. A motion by the defendant that a verdict be ordered in his favor was denied. There was a verdict for the plaintiff in the sum of $625. The defendant alleged exceptions.

The case was submitted on briefs.

*J. H. Meagher, E. Zaeder, & J. L. Bianchi,* for the defendant.

*H. W. Cowee & W. L. Mackintosh,* for the plaintiff.

CARROLL, J. The plaintiff, who brings this action of tort by his next friend, was eight years of age when he was struck and injured by an automobile driven by the defendant's agent while engaged in the defendant's business.

The plaintiff attended the Cambridge Street School, in Worcester, which is situated on the southerly or left hand side of the street as one goes towards Southbridge Street. The defendant's automobile was moving toward Southbridge Street, and it could have been found that it was going at the rate of from twenty to thirty miles an hour. The accident happened about twelve o'clock, and there were at the time several children on the sidewalk and in the gutter on the left hand side of Cambridge Street, walking in all directions. There was evidence that the plaintiff was walking across the street and when near the middle he was struck. There was also testimony tending to show that the automobile "was well over to the left side of the street" at the time, and went thirty feet before it stopped; that the plaintiff looked and saw the automobile at the fire station, which, according to

some of the evidence, was one hundred fifty feet distant from the place of the injury. The plaintiff testified that he looked up and down the street "to see if there was any autos coming."

There was evidence of negligence on the part of the driver of the automobile. On the sidewalk and street were many children moving in all directions, and the defendant was going at the rate of twenty or thirty miles an hour. Such a rate of speed near a school house where many children were present and in plain sight, together with the fact that the defendant "was well over to the left side of the street," was evidence for the jury of the defendant's negligence. *Tripp* v. *Taft*, 219 Mass. 81, 84. *Emery* v. *Miller*, 231 Mass. 243. *Davicki* v. *Flanagan*, 250 Mass. 379. The plaintiff was walking across the street. He looked and saw the automobile one hundred fifty feet away. He could take into account the defendant's duty to reduce his speed on approaching him and to exercise a proper degree of care. *Hennessey* v. *Taylor*, 189 Mass. 583. *Davicki* v. *Flanagan, supra. Gauthier* v. *Quick*, 250 Mass. 258.

The defendant relies on the fact that there was evidence tending to show that the plaintiff was engaged in play and was running across the street. This question was for the jury and they could have found that he was not running when injured. For this reason many of the cases relied on by the defendant do not apply.

The defendant's motion for a directed verdict was denied rightly.

*Exceptions overruled.*