JEAN M. HEPBURN, administratrix, *vs.* JOHN J. WALTERS.

Norfolk.    March 9, 1928. — March 15, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Motor vehicle, Contributory, In use of highway.

At the trial of an action by an administrator against the driver of an automobile for causing conscious suffering and the death of the plaintiff's intestate, there was evidence that the intestate with other passengers had alighted from a street car on a single track at the extreme right side of a public way and had proceeded around the front of the car to the travelled part of the way; that the street was straight with an unobstructed view in both directions for three or four hundred feet; that a line of other passengers, separated from each other by about four feet, was in front of the plaintiff's intestate and another behind; that the automobile, driven by the defendant down a slight grade at a rate of speed estimated to be about thirty-five miles an hour in the opposite direction from that in which the car had been going, without giving any signal of its approach, was first seen by another pedestrian, approximately six feet behind the plaintiff's intestate, when distant about one hundred fifty to one hundred seventy-five feet; that it struck the plain-

tiff's intestate and thereafter went about one hundred feet before it was stopped. *Held*, that

(1) There was evidence of negligence of the defendant;

(2) It was proper to refuse to rule that the plaintiff's intestate was guilty of contributory negligence;

(3) A verdict for the plaintiff was warranted.

TORT for causing conscious suffering and the death of the plaintiff's intestate, Frederick Hepburn. Writ dated October 8, 1925.

In the Superior Court, the action was tried before *Mc-Laughlin*, J. Besides the evidence stated in the opinion, it appeared that the street railway track was a single track on the extreme right side of Quincy Avenue as the car was facing, and that the travelled part of the way was from the left hand rail to the opposite side of the street, about thirty feet.

The judge denied a motion by the defendant that a verdict be ordered in his favor. The jury found for the plaintiff in the sum of $3,500. The defendant alleged exceptions.

*A. E. Yont*, for the defendant.

*G. L. Harden*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for the death of the plaintiff's intestate caused by injuries received from being struck by an automobile driven by the defendant.

There was evidence tending to show that the plaintiff's intestate with a number of other passengers alighted from the forward right-hand door of a trolley car, intending to pass to the left around the front of the car and across the street; that the street was straight with an unobstructed view in both directions for three or four hundred feet; that a line of other passengers, separated from each other by about four feet, was in front of the plaintiff's intestate and another behind; that the automobile, driven by the defendant in the opposite direction from that in which the car had been going and coming down a slight grade at a rate of speed estimated to be about thirty-five miles an hour, and first seen by another pedestrian, approximately six feet behind the plaintiff's intestate, at a distance of about one hundred and fifty to one hundred and seventy-five feet, without giving any signal

of its approach, struck the plaintiff, and thereafter went about one hundred feet before it was stopped. There was ample evidence of the negligence of the defendant. *Emery* v. *Miller,* 231 Mass. 243. *Kaminski* v. *Fournier,* 235 Mass. 51. *Pawloski* v. *Hess,* 253 Mass. 478.

It could not have been ruled as matter of law that the burden of showing the contributory negligence of the plaintiff's intestate, which rested upon the defendant, had been sustained. *Gauthier* v. *Quick,* 250 Mass. 258. *Davicki* v. *Flanagan,* 250 Mass. 379. *Newman* v. *Hill,* 250 Mass. 578. *Gaulin* v. *Yagoobian,* 261 Mass. 145.

This is one of the cases where the presumption established by G. L. c. 231, § 85, aids the plaintiff. *Mercier* v. *Union Street Railway,* 230 Mass. 397, 403, 404. The plaintiff's intestate might have relied to some extent on the expectation that the defendant would not run into him. The case is distinguishable from cases like *Fitzgerald* v. *Boston Elevated Railway,* 194 Mass. 242, *Will* v. *Boston Elevated Railway,* 247 Mass. 250, *Stevens* v. *Boston Elevated Railway,* 250 Mass. 288, *Sullivan* v. *Boston Elevated Railway,* 250 Mass. 476, where the circumstances were such as to require the inference of contributory negligence.

*Exceptions overruled.*