### SARAH WILCOX *vs.* ARTHUR W. SIDES.

Suffolk. April 3, 1929. — April 6, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Motor vehicle, In use of way, Contributory. *Practice, Civil,* Requests, rulings and instructions.

Where evidence, at the trial of an action of tort by a woman against a police officer for personal injuries received when a motor patrol wagon driven by the defendant struck the plaintiff as she was leaving a street car in the city of Boston which had stopped to allow passengers to alight, warranted findings that, when struck, the plaintiff was within eight feet of the street car, that other passengers were before her and behind her in their progress from the car, that she neither saw nor

heard the wagon, and that it was being driven at a speed of about twenty-five miles per hour, it was proper to refuse to rule that the plaintiff was guilty of contributory negligence, although it further appeared that when she left the car she started to walk directly across the street and "did not look to the right or left, but looked straight ahead toward the right hand curbing"; and a finding that the plaintiff was in the exercise of due care was warranted.

At the trial above described, a finding was warranted that the defendant was violating G. L. c. 90, § 14, and that he was negligent.

It was proper, at the trial above described, to refuse as immaterial a request for a ruling that the city of Boston was not responsible for the acts of the defendant although he was in its employ and driving a city patrol wagon.

TORT for personal injuries suffered when the plaintiff, after leaving a street car, was struck by a police patrol wagon driven by the defendant, a police officer. Writ dated July 12, 1926.

In the Superior Court, the action was tried before *Raymond*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $3,000.

The record further states: "The defendant seasonably filed a motion for a new trial. That after hearing thereon the court denied said motion and the defendant duly excepted." The motion is not described further in the record.

The defendant alleged exceptions.

*J. W. Vaughan*, (*J. R. McVey & C. Goldstein* with him,) for the defendant.

*W. B. Sullivan, Jr.*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained through the negligent operation of a motor vehicle by the defendant. There was evidence tending to show that the plaintiff alighted from an electric car at its regular stopping place, in that part of Boston known as Jamaica Plain, where there was no safety zone; that there were a few persons before her and some behind her; that she started to walk directly across the street and "did not look to the right or left, but looked straight ahead toward the right-hand curbing"; and

that she had taken two steps when she was struck by a motor vehicle, driven by the defendant, which she had neither seen nor heard. There was testimony to the effect that the speed of the motor vehicle was about twenty-five miles an hour.

It might have been found on this evidence that the defendant was violating G. L. c. 90, § 14, in that, in approaching or passing a car of a street railway stopped to allow passengers to alight, he drove "within eight feet of the . . . lowest step of the car then in use by passengers for the purpose of alighting," and that this violation of law was the direct cause of the plaintiff's injury. The plaintiff rightly might assume that other travellers upon the street would not be violating the law, and she might rely also to some extent upon the circumstance that other pedestrians were both preceding and following her in line across the street in the direction in which she was going. It could not rightly have been ruled that the plaintiff was lacking in due care or that the burden of showing contributory negligence which rested upon the defendant had been sustained. Manifestly there was ample evidence of the negligence of the defendant. The case upon these points is governed by numerous authorities. *Emery* v. *Miller,* 231 Mass. 243. *Ames* v. *Madonna,* 247 Mass. 270. *Gaulin* v. *Yagoobian,* 261 Mass. 145. *Hepburn* v. *Walters,* 263 Mass. 139.

There was no error in denying the request that the city of Boston was not responsible for the acts of the defendant although he was in its employ and driving a city patrol wagon. That was not pertinent to any issue involved in the case.

The motion for a new trial was denied rightly. *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176.

*Exceptions overruled.*