ANNA HENNESSEY *vs.* WILLIAM MOYNIHAN.

Suffolk.     February 3, 1930. — July 1, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory. *Statute*, Repeal.

At the trial of an action of tort for personal injuries received by a woman when a motor truck driven by the defendant ran into the plaintiff at about 1 P.M. in Haymarket Square in Boston, evidence as to the speed at which the truck was being driven, as to whether the defendant gave a signal of his approach and as to the extent of skidding by the truck was conflicting. The plaintiff's evidence warranted a finding that she looked both ways constantly as she proceeded north across the square from a subway entrance in the center of it, but saw no truck nor vehicle coming from her right at any time before she was struck, did not see the truck operated by the defendant coming from her right and heard no warning horn nor shout; that at that hour traffic conditions in the square were crowded and the pavement was slippery; that the speed of the truck was from fifteen to eighteen miles per hour; that, when the defendant applied brakes just before the plaintiff was struck, the truck skidded eighteen feet. The defendant testified that he knew that the sudden application of the brakes might cause the truck to skid, and that if it had been going slower he could have stopped it. There was a verdict for the plaintiff. On exceptions by the defendant, it was *held*, that

(1) Although the mere fact that the automobile skidded was not evidence of negligence, a finding was warranted that in the circumstances the defendant was negligent in operating the truck at the speed shown, and that such negligence was the proximate cause of the plaintiff's injury;

(2) The defendant was not entitled to a ruling limiting his liability to negligence at the time the emergency arose since the evidence warranted a finding that his negligence created the emergency;

(3) It could not be said as matter of law that the plaintiff, because of the fact admitted by her that she did not see the truck operated by the defendant as it approached, did not look, looked carelessly, or in any respect failed to exercise due care.

G. L. c. 90, § 14; St. 1925, c. 305, requiring an operator of a motor vehicle, upon approaching a pedestrian, to "sound a timely signal with his bell, horn or other device for signalling," dealt with substantive rights rather than with procedure, and, consequently, remained applicable to the case of an accident occurring before its repeal by St. 1928, c. 166, though the trial took place after such repeal.

Tort for personal injuries. Writ dated February 11, 1927.

In the Superior Court, the action was tried before *McLaughlin*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendant asked for, and the judge refused, the following rulings:

"1. The plaintiff was not in the exercise of due care and cannot recover.

"2. There is no evidence of any negligence on the part of the defendant and the plaintiff cannot recover."

"9. If the defendant, Moynihan, attempted to stop his truck as soon as he saw the plaintiff, and upon putting on his brakes found that his truck was skidding in the emergency then existing, he cannot be found guilty of negligence for failure to do something else which might or might not have avoided the accident, and which it is uncertain could have then been done."

"13. If the plaintiff while crossing a large open square, where traffic is very heavy, in broad daylight, failed to see a truck which was approaching across the square, that is evidence that she did not look and was not taking reasonable care for her own protection, and she cannot recover.

"14. If the plaintiff while crossing a large open square in broad daylight fails to see a truck which was approaching across the square, that is evidence that she did not look, or if she looked she looked carelessly and was not taking reasonable care for her own protection and cannot recover."

There was a verdict for the plaintiff in the sum of $4,500. The defendant alleged exceptions.

*G. P. Beckford,* for the defendant.

*C. A. McCarron, (J. R. Kewer* with him,) for the plaintiff.

Field, J. The plaintiff brought an action of tort against Roy Wood and another against William P. Moynihan to recover damages for personal injuries alleged to have been received by her by reason of being struck and knocked down by a motor truck owned by Wood and operated by Moynihan. The cases were tried together and the plaintiff had verdicts in both. The case against Moynihan is here upon his exceptions to the refusal of

the trial judge to direct a verdict for him and to grant certain requests for rulings, and to a ruling requested by the plaintiff.

The evidence tended to show that at about one o'clock, P.M., January 25, 1927, when the plaintiff, with another woman, was crossing Haymarket Square, Boston, in a northerly direction, from the subway entrance to the sidewalk in front of the Relief Hospital, she was injured by being struck and knocked down by a motor truck which was being driven by the defendant across the square in a westerly direction from Blackstone Street to Canal Street. There was evidence that the street was wet and slippery as if there had been rain in the morning, though the sun was shining at the time of the accident; that the defendant sounded his horn, shouted and applied the brakes; that the wheels locked; and that the truck then skidded to the right and struck the plaintiff. The testimony as to the speed of the truck and that as to the distance which it skidded were conflicting, but the jury could have found that the speed was from fifteen to eighteen miles an hour and that the truck skidded eighteen feet. The defendant testified that he knew there were "a great number of people, men, women and girls out to lunch at that time walking in and around Haymarket Square and those various side streets," that it was "a general area where anybody driving an automobile has got to be pretty careful where they are going," and that there was "a continuous line of traffic coming across this square." He testified that he was driving his truck through the traffic which was going north into North Washington Street and was passing through an opening in the southbound traffic — there being no car at his right going south "for a brief space" — when he saw the plaintiff and her companion about twenty feet in front of him. He testified further that he knew that the sudden application of the brakes might cause the truck to skid, and that if it had been going slower he could have stopped it. Though the "mere fact that the automobile skidded was not evidence of negligence" (*Lambert* v. *Eastern Massachusetts Street Railway*, 240

Mass. 495, 499, *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 35), the jury would have been warranted in finding that, under the circumstances existing, the defendant was negligent in operating the truck at the speed shown, and that such negligence was the proximate cause of the plaintiff's injury. The defendant was not entitled to the ninth ruling requested by him limiting his liability to negligence at the time the emergency arose since the evidence warranted a finding that his negligence created the emergency, and the request of the defendant for the ruling that there was no evidence of negligence on his part was refused rightly. *Rasmussen* v. *Whipple,* 211 Mass. 546, 548. *Tripp* v. *Taft,* 219 Mass. 81, 84. *Lambert* v. *Eastern Massachusetts Street Railway,* 240 Mass. 495, 500.

The request of the defendant for a ruling that the plaintiff was not in the exercise of due care also was refused rightly. The plaintiff testified that before she left the sidewalk at the subway entrance she "looked to see if there was any traffic coming this way"; that she saw traffic coming in front of her up and down North Washington Street, but none from her right, the direction of Blackstone Street; that she could not see Blackstone Street from the sidewalk at the subway entrance, but could do so from a point ten to twenty feet away; that she "was walking along at a fairly reasonable rate of speed" and as she "continued to walk . . . looked both ways constantly" and was aware that traffic from North Washington Street was "coming around and passed in back of" her, but she saw no truck or vehicle coming from the right at any time before she was struck, did not see the truck operated by the defendant and heard no warning horn or shout. Though the plaintiff was bound by this testimony, the jury would have been warranted in finding that the defendant had not sustained the burden of proving contributory negligence. The plaintiff was entitled to rely to some extent on the belief that the defendant would not operate the truck negligently. *Gauthier* v. *Quick,* 250 Mass. 258, 261. *Davicki* v. *Flanagan,* 250 Mass. 379, 380–381. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252. The

failure of the plaintiff to hear a horn or a shout did not require a finding of negligence on her part, for the jury were not required to find, in accordance with the defendant's testimony, that he sounded a horn or shouted. Nor, even if this testimony was believed, does it follow necessarily that she failed to listen. Furthermore, in view of the conditions of traffic shown by the evidence, it cannot be said as matter of law that the plaintiff, because of the fact admitted by her that she did not see the truck operated by the defendant as it approached, did not look, looked carelessly, or in any respect failed to exercise due care. The defendant's thirteenth and fourteenth requests for rulings to the contrary, therefore, were refused rightly. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252, 254, 255. See also *Morrissey* v. *Boston & Maine Railroad,* 216 Mass. 5, 6; *Pawloski* v. *Hess,* 253 Mass. 478, 480. This is not a case like *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392, where negligent conduct of the plaintiff is the only reasonable explanation of circumstances undisputed or shown by her testimony. See page 396. *Gibb* v. *Hardwick,* 241 Mass. 546, also is distinguishable. In *Swetzoff* v. *O'Brien,* 226 Mass. 438, and in *O'Hare* v. *Gloag,* 243 Mass. 533, relied on by the defendant, the accident happened before the passage of St. 1914, c. 553. It follows that the motion for a directed verdict was denied rightly.

If, by reason of the defendant's exception to the giving of the plaintiff's thirteenth request for rulings, any question is before us as to whether the provision of G. L. c. 90, § 14, amended by St. 1925, c. 305, requiring an operator, upon approaching a pedestrian, to "sound a timely signal with his bell, horn or other device for signalling," which was repealed by St. 1928, c. 166, is applicable in this case, no error is disclosed. This statutory provision dealt with substantive rights rather than with procedure, and, consequently, remained applicable to the case of an accident occurring, as here, before its repeal, though the trial took place after such repeal. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1. *Rosenthal* v. *Liss,* 269 Mass.

373, 376–377. The cases of *Smith* v. *Freedman,* 268 Mass. 38 and *Thomes* v. *Meyer Store Inc.* 268 Mass. 587 are distinguishable since they deal with a procedural statute.

*Exceptions overruled.*