MARY BONI & another, administrators, *vs.* ABRAHAM GOLDSTEIN.

Suffolk. April 6, 7, 1931. — September 9, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way, Of child.

At the trial of an action of tort against the owner and operator of a motor truck, brought by the administrator of the estate of a child, for causing the child's conscious suffering and death, it appeared that the intestate was struck by the truck on a public way and was killed; that he was four and one half years of age and capable of exercising due care for his own safety; that the way was twenty-eight or thirty feet wide and was straight in both directions, and that there was no vehicle other than the truck moving thereon. There was evidence that the intestate, playing on the sidewalk in front of his home on the side of the street at the defendant's left, attempted to go "straight across the street" to play with children on the other side; that five children, visible to the defendant from the time they left the sidewalk, crossed the street, one after the other, and that the intestate was following about a foot and a half behind the child in front of him, and that the intestate ran. His mother testified that he was "jumping from foot to foot, playing, going very slow." The defendant testified

that he first saw the intestate when he was about twenty feet away, and that he did all he could to avoid the collision. *Held,* that

(1) A finding was warranted that the defendant should have seen the plaintiff's intestate before he came within twenty feet of him and was negligent in failing to take precautions to avoid hitting him by reducing speed earlier;

(2) The defendant could not escape the consequences of such negligence by reason of faultless conduct after he saw the intestate;

(3) It could not be said that either undisputed facts or evidence binding upon the plaintiff was consistent only with lack of due care on the part of the intestate;

(4) For a traveller to cross a highway at a place other than a crosswalk is not in itself negligence;

(5) Even if the intestate was engaged in play, recovery would not necessarily be barred;

(6) The jury were not required to find that the intestate could not have thought, and have been reasonably prudent in thinking, that he had time to cross the street in front of the defendant's motor truck safely if the defendant took the precautions to prevent injuring him which he had a right to expect would be taken.

TORT by the administrators of the estate of Annie Boni for causing conscious suffering and death of their intestate. Writ dated November 2, 1927.

In the Superior Court, the action was tried before *T. J. Hammond,* J. Material evidence and the verdict and terms of the report by the trial judge are stated in the opinion. The verdict for the plaintiff was in the sum of $5,000.

*P. F. Drew,* (*F. B. Turner* with him,) for the defendant.

*O. Gallagher,* for the plaintiffs.

FIELD, J. This action of tort was brought in the Superior Court by the administrators of the estate of Annie Boni. It arose out of an accident which occurred on Auburn Street, a public highway in Chelsea, in which said Annie Boni, daughter of the plaintiffs, aged four and one half years, while crossing the street was struck by a motor truck, owned and operated by the defendant, and killed. The declaration was in two counts, the first for conscious suffering of the intestate, the second for her death.

The trial judge submitted to the jury the question, "Was Annie Boni, the plaintiff's intestate, capable of exercising due care for her own safety?" and the jury answered in the affirmative. The defendant moved for a directed verdict in

his favor. The motion was denied and the defendant excepted. There was a verdict for the defendant on the first count of the declaration and a verdict for the plaintiffs on the second. Upon the defendant's motion the trial judge reported the case on the terms that "If, on all the evidence, and in view of the answer of the jury to the question submitted to it, the Full Court determines that as a matter of law judgment should be entered for the defendant, judgment is to be entered for the defendant. If not, judgment is to be entered on the verdict."

The defendant's motion for a directed verdict was denied rightly since the evidence warranted a verdict for the plaintiffs on the second count of the declaration.

It is undisputed that the plaintiffs' intestate when crossing Auburn Street was struck by a motor truck owned and operated by the defendant and killed.

The jury could have found that the defendant was operating his motor truck negligently. The accident happened on September 30, 1927, at about 1:30 or 1:45 in the afternoon. The defendant was driving his truck in an easterly direction on Auburn Street, which runs east and west and at the place of the accident is twenty-eight or thirty feet wide. There was evidence that the street is "straight for a considerable distance in either direction." The defendant testified that it "is straight all the way." There was testimony that at the time of the accident there "were no autos going up or down the street, only the one that hit the child," though it appeared that a motor vehicle was standing on the north side of the street, east of the place of the accident, and two other motor vehicles were on the south side of the street, farther west. The intestate lived in a house on the north side of the street. According to the evidence she was playing on the sidewalk in front of the house and attempted to go "straight across the street" to play with children on the other side. There was some testimony that she was running, and testimony by her mother, one of the plaintiffs, that she was "jumping from foot to foot, playing, going very slow." She was struck by the defendant's left headlight. There was evidence that five children crossed the

street, one after the other, and that the intestate was following about a foot and a half behind the girl in front of her. The defendant, however, testified that he saw only one child other than the intestate. He testified that he was going about fifteen miles an hour, that he blew his horn and put on his brakes when he first saw the two children, that the intestate was about twenty feet away from him when he first saw her, that from the time he saw the children "come out into the street . . . [he] did everything in . . . [his] power to stop" his truck, and that it went eighteen to twenty feet before it came to a full stop. It appeared that there were heavy black skid marks of both rear wheels about twenty feet long and that these were "a little over the center of the road to the left." There was no evidence that the brakes were defective. The defendant testified that as the two girls whom he saw ran across the street the one who was ahead "got by without being hit, just by inches," that he "swung to miss" her and did not swing "more than a foot." From this evidence the jury could have inferred that five children crossing the street in front of the truck, one after the other, were visible from the time they left the sidewalk on the north side of the street, and that the defendant should have seen the plaintiffs' intestate before he came within twenty feet of her and was negligent in failing to take precautions to avoid hitting her by reducing speed earlier. *Quinn* v. *Boston Elevated Railway*, 214 Mass. 306, 310. *Sughrue* v. *Bay State Street Railway*, 230 Mass. 363, 366. *McDonough* v. *Vozzela*, 247 Mass. 552, 557. *Cairney* v. *Cook*, 266 Mass. 279, 282–283. *Bouthillier* v. *Old Colony Street Railway*, 189 Mass. 537, and *Franca* v. *Rubin*, 268 Mass. 590, relied upon by the defendant, are distinguishable. The defendant cannot escape the consequences of such negligence by reason of faultless conduct after he saw the intestate.

It could not have been ruled as matter of law that the defendant sustained the burden, placed upon him by G. L. c. 231, § 85, of proving contributory negligence on the part of the plaintiffs' intestate. It cannot be said that either undisputed facts or evidence binding upon the plaintiffs

was consistent only with lack of due care on the part of the intestate. See *Murphy* v. *Boston Elevated Railway,* 262 Mass. 485, 487, and cases cited. For a traveller to cross a highway at a place other than a crosswalk is not in itself negligence. *Raymond* v. *Lowell,* 6 Cush. 524, 530. *Crowell* v. *Boston Elevated Railway,* 234 Mass. 393, 396. See also *Tripp* v. *Taft,* 219 Mass. 81; *DuBois* v. *Powdrell,* 271 Mass. 394, 396. Nothing in the circumstances of this case required a finding that the intestate was using the street as a playground and not for the purpose of travel. It could have been accepted as true that she was going "straight across the street" in order to play with children on the other side. *Swetzoff* v. *O'Brien,* 226 Mass. 438, is distinguishable on this and other grounds. But, even if the intestate was engaged in play, recovery in this action would not necessarily be barred. *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79, 82. *Coope* v. *Scannell,* 238 Mass. 288. The testimony as to her gait was somewhat conflicting and the jury were not bound to accept the mother's statement in respect to it. *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163, 165–166. Whether she was running across the street or was proceeding in the manner described by her mother, we cannot say as matter of law that she was negligent. Neither mode of crossing was necessarily unreasonable for a child four and a half years old. *Brown* v. *Sherer,* 155 Mass. 83, 85. *Clark* v. *Blair,* 217 Mass. 179, 181. *Tripp* v. *Taft,* 219 Mass. 81. There was no evidence that the intestate before and while crossing the street was not looking to see whether a motor vehicle was approaching. Nor did the situation disclosed by evidence essential to recovery by the plaintiffs carry with it as inevitable the conclusion that the intestate "looked carelessly," if at all (see *Russo* v. *Charles S. Brown Co.* 198 Mass. 473, 475), or that she "went into the path of an obvious danger, voluntarily and not under any constraint for instant action." See *Sullivan* v. *Chadwick,* 236 Mass. 130, 137. The jury were not required to find that the intestate could not have thought reasonably that she had time enough to cross the street in front of the defendant's motor truck safely if the defendant took the precautions to prevent.

injuring her which she had a right to expect him to take. See *Gauthier* v. *Quick*, 250 Mass. 258, 260–261; *Davicki* v. *Flanagan*, 250 Mass. 379, 380–381; *Gaulin* v. *Yagoobian*, 261 Mass. 145, 147; *Hepburn* v. *Walters*, 263 Mass. 139, 141. The case disclosed by the evidence is not one where a child, hidden from the view of an operator of an approaching motor vehicle, darts in front of it, as in *Sullivan* v. *Chadwick*, *supra*. *Kyle* v. *Boston Elevated Railway*, 215 Mass. 260, and *Walukewich* v. *Boston & Northern Street Railway*, 215 Mass. 262, relied on by the defendant, were tried before G. L. c. 231, § 85 (St. 1914, c. 553), took effect.

In view of the conclusion herein reached, it is unnecessary to consider the plaintiffs' exception to the exclusion of evidence.

It follows that in accordance with the terms of the report judgment is to be entered on the verdict. The plaintiffs' motion that the report be dismissed and their motion for double costs and interest at the rate of twelve per cent a year, in accordance with G. L. c. 211, § 10, are denied.

*So ordered.*