MARY JOUGHIN vs. FEDERAL MOTOR TRANSPORTATION COMPANY.

Suffolk.   October 8, 1931. — June 27, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Negligence*, Contributory, In use of way.   *Evidence*, Presumptions and burden of proof.

At the trial of an action by a woman against the owner of a motor truck for personal injuries sustained through its negligent operation, there was evidence that the plaintiff, after alighting from a street car, passed around behind it and across tracks for street cars coming from the opposite direction; that, as she passed around the car from which she had alighted, she saw a street car approaching on the other track from her right and coming to a stop; that, after she got upon the second track, she saw the defendant's truck approaching from her right thirty-five or forty feet away, farther than the approaching street car, and thought she had time to walk in front of it; that she did not look to her right again; and that, when she had gone four or five steps beyond the second track, she was struck by the truck, which had passed the street car without stopping.   *Held*, that the evidence did not require a ruling as matter of law that the defendant under G. L. c. 231, § 85, had sustained the burden of proving that the plaintiff was guilty of contributory negligence.

TORT.   Writ dated February 15, 1928.

In the Superior Court, the action was tried before *C. H. Donahue*, J.   Material evidence and the terms of a report by him to this court are stated in the opinion.

The case was heard in this court by *Rugg*, C.J., *Crosby, Carroll, Sanderson,* & *Field,* JJ.   After the deaths of *Carroll* & *Sanderson,* JJ., it was submitted on briefs to *Pierce* & *Wait,* JJ.

*A. J. Berkwitz,* (*D. G. Nagle* with him,) for the plaintiff.

*E. Field,* (*R. H. Field* & *H. P. Moulton* with him,) for the defendant.

FIELD, J.   This is an action of tort to recover compensation for personal injuries resulting to the plaintiff from being struck and knocked down by a motor truck.   A ver-

dict was directed for the defendant on its motion and the·
case was reported in accordance with an agreement of the
parties that if the verdict was directed wrongly judgment
should be entered for the plaintiff in the sum of $1,000, but
if not judgment should be entered on the verdict.

The defendant admitted at the trial that the motor truck
was owned by it and was "being operated on its business at
the time of the accident." The defendant now concedes also
that the evidence warranted a finding that it was negligent.
The question for consideration is whether it could have been
ruled that the burden imposed upon the defendant by G. L.
c. 231, § 85, of proving contributory negligence on the part
of the plaintiff was sustained.

The evidence as to the manner in which the accident
happened was conflicting. It is undisputed, however, that
the plaintiff after alighting from an electric car outbound
from Boston, passed behind the car from which she had
alighted, crossed the track used.by inbound cars and was
proceeding across the street toward the sidewalk when she
came in contact with the defendant's motor truck, which
was being driven in the direction of Boston. The plaintiff
and one of her witnesses testified that she was struck by
the left front fender of the truck.

By force of the statute the plaintiff is presumed to have
been in the exercise of due care and the burden of proving
contributory negligence on her part was upon the defendant.
The plaintiff, however, is bound by her own testimony
except as she is entitled to the benefit of any more favorable
explanation of the accident presented by the evidence.
*Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163. *Boni*
v. *Goldstein*, 276 Mass. 372, 376. Consequently, if her tes-
timony, though so aided, demonstrates her lack of due care,
the statutory presumption does not help her, and the de-
fendant as a matter of law has sustained the burden of
proving her contributory negligence. *Murphy* v. *Boston
Elevated Railway*, 262 Mass. 485, 487. *Walsh* v. *Boston
Elevated Railway*, 271 Mass. 477, and cases cited.

According to the plaintiff's testimony, after alighting
from the outbound car which had stopped at a white post,

where such cars usually stop, she walked around back of it. She looked toward Boston to see if any traffic was coming from that direction and saw none, but, on looking in the other direction saw a car coming on the inbound track. She thought she had time to reach the sidewalk. The inbound car was coming to a stop a little back of the outbound car and about opposite the white post which was the stopping place for outbound cars. She "could not say whether it had passed the white post." When the plaintiff was on the inbound track she first saw the truck, then thirty-five or forty feet away, farther away than the inbound car. She thought she had time to pass in front of the truck and walked in front of the inbound car and of the truck. When she had gone about four feet — or had taken four or five steps — beyond the inbound track toward the sidewalk she was struck by the truck. She was walking in an ordinary manner and did not look again from the time she first saw the inbound car and the truck until she was hit. She did not remember seeing the inbound car stop. It kept on going behind her, but she could not tell whether it passed her before she was struck by the truck. This car gave no signal, and the plaintiff heard no signal or warning from the truck driver and did not see the truck pass the inbound car at any time. She did not notice any traffic on the street except these street cars and the defendant's truck and did not look to see if there was any other traffic. There was no evidence of any other traffic and no evidence of the width of the street.

A witness called by the plaintiff testified that the inbound car stopped about twenty feet back of the white post, which was the stopping place of inbound cars and was about three feet nearer Boston than the white post which was the stopping place of outbound cars, and about forty feet back from the place of the accident, and remained there until after the accident, and that the truck which was travelling at the side of the inbound car, "about half way back" of it, kept on without stopping, passing within two feet of the right side of the inbound car. The operator of the defendant's truck, on the other hand, testified that

he was following the inbound car about seventy-five or one hundred feet behind it and never passed it.  He testified that his truck was going twelve to fifteen miles an hour, that when he was about thirty feet away he saw the plaintiff come from behind the outbound car and start to dash across the street and that she was running.

It cannot be ruled as matter of law that the defendant has sustained the burden of proving that the plaintiff was guilty of contributory negligence, though there are distinct indications of such negligence in the evidence.  The case was for the jury.

The plaintiff was required to exercise the care which would be exercised in the circumstances by a reasonably prudent person who knew the facts which she knew or ought to have known.  When the plaintiff was on the inbound track she saw the truck.  Apparently her view was unobstructed.  The conclusion is not required that she then looked carelessly, as did the plaintiff in *Gibb* v. *Hardwick*, 241 Mass. 546, 548.  According to her testimony she observed the positions of the inbound car and the truck substantially as disclosed by other testimony and by the events which happened, and thought that she had time to pass in front of the truck.  Such a belief, if unreasonable, would not justify her conduct, but the fact that she formed and acted upon such a belief would show that she was not indifferent to her safety and would throw some light upon the question as to what constituted prudent conduct in the circumstances.  *Hennessey* v. *Taylor*, 189 Mass. 583, 585.  *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235.  *Gadbois* v. *Bay State Street Railway*, 216 Mass. 188, 190.  *Renwick* v. *Eastern Massachusetts Street Railway*, 275 Mass. 145, 148–149.  If the plaintiff's belief, though mistaken, was reasonable she was not imprudent in acting upon it.  See *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 424, and cases cited.  However, no need of speedy decision or action because of sudden peril furnished any special justification for the plaintiff's forming a mistaken belief or taking an extraordinary risk.  Compare *McBride* v. *Middlesex & Boston Street*

*Railway,* 276 Mass. 29, 33. She deliberately left a place of safety on the outbound track to which, when she saw the truck, she could have returned if her position on the inbound track was not safe. Compare *Tobin* v. *Nahant & Lynn Street Railway,* 260 Mass. 512, 514.

But, though the case is close, there are elements here which distinguish it from the cases relied on by the defendant (see *Kennedy* v. *Worcester Consolidated Street Railway,* 210 Mass. 132, *Gibb* v. *Hardwick,* 241 Mass. 546, *Doyle* v. *Boston Elevated Railway,* 248 Mass. 89, *Stevens* v. *Boston Elevated Railway,* 250 Mass. 288, *Tobin* v. *Nahant & Lynn Street Railway,* 260 Mass. 512), and show that the jury were not required to find that the plaintiff's belief that she had time to pass in front of the truck was unreasonable. See *Gauthier* v. *Quick,* 250 Mass. 258, 260. Some of these elements have been referred to. The jury were not bound to find that it was unreasonable for the plaintiff to infer that the inbound car was coming to a stop to receive or discharge passengers (see *Walsh* v. *Feinstein,* 251 Mass. 109, 111; see also *Ryan* v. *Boston Elevated Railway,* 209 Mass. 292, 294), and to infer that the defendant's truck was so situated with respect to this car that it could not pass the car without violating the requirement of G. L. c. 90, § 14, as finally amended by St. 1928, c. 166, that a "person operating a motor vehicle shall not drive such vehicle within eight feet of the running board or lowest step of the car then in use by passengers for the purpose of alighting or boarding." Consequently, even if this statute was not intended for her protection, it was not necessarily unreasonable for her to rely to some extent upon the belief that the operator of the defendant's truck would stop his truck before passing the inbound car. See *Wilcox* v. *Sides,* 267 Mass. 70, 72, and cases cited. She had a right also to rely to some extent upon the belief that the operator of the truck would exercise in all respects a proper degree of care not to injure her. *Boni* v. *Goldstein,* 276 Mass. 372, 376, and cases cited. These considerations, taken in connection with all the evidence, stand in the way of a ruling that as matter of law the

plaintiff's conduct was imprudent.   See *Newman* v. *Hill,* 250 Mass. 578, and cases cited.

It follows that in accordance with the agreement of the parties judgment must be entered for $1,000.

*So ordered.*